## THE NIANTIC COAL AND MINING COMPANY

*v.*

### LAWRENCE LEONARD.

*Filed at Springfield June 15, 1888.*

1. MINES AND MINERS—*liability for injury to a miner.* Under the statute providing for the safety and health of persons employed in coal mines, the company will be liable for a personal injury to a person in its employ, while descending into the mine, resulting from the employment of an incompetent engineer to take charge of the engine used in lowering persons into and hoisting them out of the mine, and in improperly loading the descending car with a heavy piece of timber.

2. ERROR WILL NOT ALWAYS REVERSE—*improper instruction.* Where the act of a coal mining company producing a personal injury, amounts to a willful violation of the law by the company, the doctrine relating to a recovery by the plaintiff for the negligence of fellow-servants will have so little application to the real issue made, that a mistake in laying down the doctrine on that subject will be an immaterial error.

APPEAL from the Appellate Court for the Third District;— heard in that court on appeal from the Circuit Court of Macon county; the Hon. JAMES F. HUGHES, Judge, presiding.

Messrs. NELSON & HARNSBARGER, and Messrs. GRAHAM & HAMILTON, for the appellant.

Mr. WILLIAM T. CUSSINS, and Messrs. McCARTNEY & CASEY, for the appellee.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

This suit was brought in the circuit court of Macon county, by Lawrence Leonard, against the Niantic Coal and Mining Company, to recover for personal injuries alleged to have been caused by the negligent conduct of defendant.   On the trial the jury found the issues for plaintiff, and assessed his damages under the evidence submitted.   The motion for a new trial was overruled, and the court entered judgment upon the

verdict. That judgment was affirmed in the Appellate Court for the Third District, and defendant brings the case to this court on its further appeal.

It will be seen, most of the counts of the declaration are framed on the theory defendant neglected the duty imposed by the 7th section of the act of the General Assembly, providing for the "health and safety" of persons employed in coal mines, upon all owners, agents or operators of any coal mine, and which makes it obligatory upon such owner, agent or operator, not to place in charge of any engine whereby men are lowered into or hoisted out of such mines, "any but an experienced, competent and sober person, not under the age of eighteen years;" and that it was not lawful for any person "to ride upon a loaded cage or wagon used for hoisting purposes in a shaft or slope." By the 14th section of the same act, for any injury occasioned by the willful violation of the provisions of that act, the person so injured is given an action. The breach averred in the declaration is, defendant disregarded its duty, as declared by law, in that respect, and employed and placed in charge of the engine used in lowering and hoisting persons out of its mine, an incompetent person; and that defendant improperly loaded the cage on which plaintiff was descending into the mine, with heavy timber, to be used in and about the mine.

There is evidence,—and quite a good deal of it,—tending to show defendant employed an incompetent person to take charge of the engine used in lowering into and hoisting persons out of its mine; that defendant employed such person, and retained him in its service after his incompetency was known; and that the pit boss improperly directed a piece of timber to be placed in the cage on which plaintiff was about to descend into the mine. Conceding these were controverted questions of fact, the jury must have found them in favor of plaintiff, and the affirmance of that finding by the Appellate Court is conclusive upon this court, so that they are not now open to further con-

sideration.    Assuming these facts to be well found, as must be done, they fully sustain the judgment rendered in favor of plaintiff.

The questions of law made on the record are unimportant. It is said the sixth instruction given for plaintiff was erroneous, in stating to the jury the question whether plaintiff and the person in charge of the engine were fellow-servants "was a question of fact, for the jury to determine from the testimony before them."   It matters little whether the charge given was correct or not in this respect.   The liability plaintiff was seeking to enforce against defendant grew out of what was alleged to be a willful violation of the act of the General Assembly providing for the "health and safety" of miners, and the doctrine of fellow-servants had so little application to the real issue made by the pleadings, it is a matter of no moment whether the doctrine on that branch of the law was correctly stated or not.   It is hardly probable it could have had the slightest influence on the jury in producing a verdict, and it could do defendant no harm in any event.   Nor is it perceived there is anything hurtful or erroneous in the eighth instruction for plaintiff, of which complaint is made.

Quite a number of objections were taken, at the trial, to the rulings of the court in respect to the admission and rejection of evidence.   All these matters have been considered, and it is not thought they are of sufficient importance to be made the subject of any discussion.

Perceiving no serious error in the record, the judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*