# SUPREME COURT

OF THE

# STATE OF MISSOURI,

AT THE

## APRIL TERM, 1892.

---

LESLIE v. RICH HILL COAL MINING COMPANY,
*Appellant.*

---

In Banc, May 9, 1892.

110   31
  87a 117
110       31
  94a ¹ 74

1.  **Practice**: DEPOSITIONS. A deposition taken in a suit cannot be read in evidence in a subsequent one in which the parties are not the same nor in privity.

2.  ——: ——: RULE OF COURT: WAIVER. Nor does a rule of court, providing that all exceptions to depositions except for incompetency or irrelevancy shall be considered waived unless made within a certain time, apply to such deposition when sought to be read in the second suit.

3.  **Coal Mines**: INJURY TO WORKMEN: STATUTORY REQUIREMENTS: NOTICE OF DEFECTS. Where a statute makes it the duty of "an owner, agent or operator" of any coal mine to keep a sufficient supply of timber when required to be used as props to protect its workmen, and gives a right of action to one injured by any wilful failure to comply with the above requirement, knowledge on the part of the owner, that the props were necessary is essential to a recovery by the injured person.

4.  ——: ——: PARTY DEFENDANT. Although plaintiff was in the service of one W. who was operating the mine under a contract with defendant, yet as the defendant was the owner of the mine, and under its agreement with W. the duty was expressly devolved on it of furnishing such timbers for propping, it was liable under the statute as owner.

(31)

5.   ———: ———: PLEADING.   The petition which charged that the
timber and props were required, and that defendant was notified of
the fact and requested to furnish them but neglected and refused to
do so, was insufficient without a specific charge that defendant was
guilty of a wilful disregard of its duty.

*Appeal from Bates Circuit Court.*—WM. PAGE, ESQ.,
Special Judge.

REVERSED AND REMANDED.

*T. J. Smith* for appellant.

(1)   The court erred in overruling appellant's
motion to strike from the files the Leslie deposition
and afterwards permitting it to be read in evidence
over appellant's objection.   (2)  Instruction, numbered
1, given for respondent was erroneous.  *First.*  There
is no allegation in the petition to the effect that Alex.
Wilson, "by consent and authority of defendant," man-
aged mine number 5, nor is there any evidence that
appellant (defendant) furnished "all material   *   *   *
and all the other things necessary for the operation of
said mine."   *Second.*   There is no evidence that "all
said appliances and property   *   *   *   were the prop-
erty of said defendant," appellant.   *Third.*   There is
no evidence that appellant reported to the mining
inspector "the accidents and injuries occurring to
miners in said mine" other than that to plaintiff.
*Fourth.*   There is no substantial evidence that appel-
lant, "through its superintendents, exercised a superin-
tending control in the management and operation of
said mine."   *Skyles v. Bollman,* 85 Mo. 35; *Bank v.
Overall,* 16 Mo. App. 515; *Brown v. Ins. Co.,* 86 Mo.
51.   *Fifth.*   The premises laid down in this instruc-
tion being true, the legal conclusion drawn does not
follow.   2 Thompson on Negligence, 899, sec. 22;
*Fink v. Furn. Co.,* 82 Mo. 283; Wood's Master & Ser-

vant, secs. 314, 317, pp. 610, 631; *Parnell v. Const. Co.*, 13 S. W. Rep. 691. *Sixth.* It submits an issue not made in the pleadings, that appellant was the operator of the mine. *Camp v. Heelan*, 43 Mo. 591; *Glass v. Gelvin*, 80 Mo. 297; *Brown v. Railroad*, 80 Mo. 457; *Storm v. White*, 23 Mo. App. 31. (3) Instructions, numbered 2 and 4, given for respondent improperly ignored the element of wilfulness in defendant's failure to furnish props. Acts, 1881, p. 170, sec. 14; *Bank v. Murdock*, 62 Mo. 70; *State v. Palmer*, 88 Mo. 572; *Bank v. Westlake*, 21 Mo. App. 565. (4) The petition states no cause of action against defendant. *Walker v. Martin*, 8 Mo. App. 561.

*Silas W. Dooley* for respondent.

(1) The motion to suppress the deposition came too late, and was properly overruled. (2) Appellant is liable. It cannot interpose a contract to evade its statutory duty, if contract was proved. *Fell v. Coal Co.*, 22 Mo. App. 221; *Speed v. Railroad*, 71 Mo. 308; *Iron Co. v. Erickson*, 39 Mich. 492; *Kelly v. Howell*, 41 Oh. S. 438; Whittaker's Smith on Negligence, pp. 9, 10. In an action under this statute the only inquiry is, whether the requirements of the statute have been complied with, and, if not, whether the injury complained of was occasioned thereby. *Spiva v. Coal Co.*, 88 Mo. 68. (3) The petition stated a cause of action against appellant. See acts relating to mines and mining, approved March 23, 1881, secs. 3, 16; *Fell v. Coal Co.*, 23 Mo. App. 23. *First.* Injury caused respondent by failure to do what appellant was, and not what contractor was, to perform. *Horner v. Nicholson*, 56 Mo. 222; *Lancaster v. Ins. Co.*, 92 Mo. 460; Shearman & Redfield on Negligence, sec. 77. *Second.* If defective it is aided by answer denying appellant

was operator, and is good after verdict. *Wagner v. Railroad*, 97 Mo. 512; *Garth v. Caldwell*, 72 Mo. 622; *Donaldson v. Butler Co.*, 98 Mo. 163; *Coal Co. v. Brewington*, 29 Mo. App. 16. *Third.* Petition good after pleading to merits. *Elfrank v. Seiler*, 54 Mo. 136; *Kronski v. Railroad*, 77 Mo. 368. (4) The instruction in the nature of a demurrer to the evidence was properly overruled. Where there is evidence tending to prove the issues the case must go to the jury. *Groll v. Towner*, 85 Mo. 249; *Huhn v. Railroad*, 92 Mo. 44; *Sullivan v. Railroad*, 97 Mo. 113. Failure to perform a statutory duty is negligence as a matter of law. *Drain v. Railroad*, 10 Mo. App. 535; *Eswin v. Railroad*, 96 Mo. 290. (5) The substantive facts constituting appellant's wilful neglect are alleged in the petition. They are: Knowledge on the part of appellant of the defect, and its neglect and failure to repair it, and these are carried into the second instruction. *Staley v. Railroad*, 74 Mo. 117; *Crane v. Railroad*, 87 Mo. 594; *Kerr v. Simmonds*, 82 Mo. 274; *Battel v. Crawford*, 59 Mo. 215; *Conway v. Reed*, 66 Mo. 352; *Reynolds v. Railroad*, 85 Mo. 94; *Walker v. Martin*, 8 Mo. App. 561. When suit is for a breach of statutory duty, the facts out of which it arises must be pleaded. *Field v. Railroad*, 76 Mo. 616. Respondent was justified in relying on assurances of pit boss. He had control of the underground work, with power to hire and discharge men. *Speed v. Railroad*, 71 Mo. 308; Thompson on Negligence (1870), secs. 27, 28, 29, pp. 904–7; *Moore v. Railroad*, 85 Mo. 588; *Hyatt v. Railroad*, 19 Mo. App. 295; Cooley on Torts, p. 90.

*Ware, Biddle & Cory*, also, for respondent.

(1) The court committed no error in refusing to suppress the deposition. (2) If the servant who has

knowledge of defects in the instrumentalities furnished for his use gives notice thereof to his employers, who thereupon promise that they shall be remedied, the servant may recover for an injury caused thereby, at least, when the master requests him to continue in the service and the injury occurs before the expiration of the time within which the defects were promised to be remedied, and where the instrumentality, although defective, was not so imminently and immediately dangerous that a man of ordinary prudence would have refused longer to use it, his subsequent use of the defective instrumentality under such circumstances could not necessarily, or, as a matter of law, make the servant guilty of contributory negligence. Under such circumstances the servant may recover, although aware not only of the existence of the defects, but also of the risks to which they naturally expose him, and a railway company is not relieved from a charge of negligence in sending out an employe with a defective engine, simply because it did not have sufficient time after notice of the defect to repair it, and had no other engine in proper condition to send out. *Green v. Railroad*, 17 N. W. Rep. 378; *Hough v. Railroad*, 100 U. S. 213; *Thorpe v. Railroad*, 2 S. W. Rep. 3; cases reported in 89 Mo. 650; *Huhn v. Railroad*, 44 S. W. Rep. 927; s. c., 92 Mo. 440. (3) As to safe appliances and places for miners to work in mines, the same rule applies. *Redden v. Railroad*, 15 Pac. Rep. (Utah) 262; *Durant v. Mining Co.*, 10 S. W. Rep. 484; s. c., 97 Mo. 62; *Eddy v. Mining Co.*, 17 N. W. Rep. 17; *Myers v. Iron Co.*, 22 N. E. Rep. 631; *Railroad v. Graham,* 22 N. E. Rep. 668; *Fell v. Mining Co.*, 23 Mo. App. 216. (4) A mining boss represents the company, and his negligence is the negligence of the company. *Redden v. Railroad*, 15 Pac. Rep. 262.

MACFARLANE, J.—Action for damages on account of injuries received by plaintiff while working a coal mine of defendant, caused by a portion of the roof of the mine caving in on him. The verdict and judgment were in favor of the plaintiff for $7,000, and defendant appealed.

The negligence charged in the petition was a failure to furnish timbers to be used as props, to hold up and make safe the roofs and walls of the mines, and prevent them from caving, as required by a statute entitled "mines and mining," approved March 23, 1881, though frequently requested.

The answer was a general denial, a plea of contributory negligence and assumption of the risk of employment. It also contained a special plea that defendant was not the operator of the mine, nor was plaintiff in its employ or under its control, management or direction, or that of any of its agents or servants; but on the contrary charged that the plaintiff was in the employ and exclusive control of one Wilson, who was operating said mine as an independent contractor.

I.    The suit was brought to the February term, 1887, and was against defendant and one Alexander Wilson.

On the fourth of June, two days before the commencement of the June term, plaintiff refiled a deposition of one M. R. Leslie, which had been taken in a previous suit between plaintiff and defendant mining company alone. No written notice was given defendant of the filing of this deposition. On the seventeenth day of November, 1887, ten days after the beginning of that term of court, defendant filed a motion to strike from the files said deposition for the reason that the parties to the suit in which it was taken were not the same as the parties to this suit.

On the eighth of March, the day upon which the trial commenced, plaintiff dismissed his suit as to the defendant Wilson, and, thereupon, defendant at once filed a motion to suppress Leslie's deposition for the reason 'that no notice had been given of the place at which it should be taken, the notice specifying the state of Missouri, and the deposition having, in fact, been taken in the state of Minnesota. This motion was overruled on the ground that 'it came too late, and the defect had been waived. This ruling constitutes the first assignment of error.

The following rule of court relative to depositions was in force: "All exceptions to depositions, except for incompetency, or irrelevancy, shall be considered waived unless filed within two term days after notice of the filing of such depositions has been served on the opposite party, or his attorney, and if no such notice shall have been given such exceptions must be filed at least two days before the cause is set for trial; but, if the cause is set for trial on the first, second or third day of the term, or the deposition is filed within two days of the day of trial, such exception shall be made and determined before the trial is begun."

It was held by the circuit court that under this rule the defect in this deposition was waived. We think the court gave the proper construction to the rule when applied to such deposition as could have been read, had all the formalities required by law been complied with. To such the rule could only have been intended to apply. The deposition which was filed was not one taken in this case, nor in a case in which the parties were the same, or in privity. The deposition could not, therefore, have been read in this case, except by consent, so long as Wilson continued a party, though written notice of its filing should have been given.

*Borders v. Barber*, 81 Mo. 636; *Parsons v. Parsons*, 45 Mo. 265; Weeks on Depositions, sec. 470.

Placing the paper on file did not make it a deposition in the case within the meaning of this rule. Upon the dismissal of the suit as to defendant Wilson the deposition for the first time became admissible, and the motion to suppress was filed on the same day, which was as soon as was or could have been required.

The motion to strike the deposition from the files was not a waiver of irregularities in the matter of taking it so long as Wilson was continued a party defendant. That motion was a proper proceeding to rid the files of a paper having no place there and waived nothing. The court committed error in denying the motion to suppress the deposition.

II.    Sections 14 and 16 of the act of March 23, 1881, under which this suit is prosecuted are as follows: "Sec. 14.    For any injury to persons and property, occasioned by any wilful violations of this act, or wilful failure to comply with any of its provisions, a right of action shall accrue to the party injured for any direct damages sustained thereby; and in case of loss of life, by reason of such wilful violation or wilful failure as aforesaid, a right of action shall accrue to the widow of the person so killed, his lineal heirs or adopted children, or to any other person or persons who were, before such loss of life, dependent for support on the person or persons so killed, for a like recovery of damages sustained by reason of such loss of life or lives."

"Sec. 16.    The owner, agent or operator of any coal mine shall keep a sufficient supply of timber; when required, to be used as props, so that the workmen may, at all times, be able to properly secure the said workings from caving in; and it shall be the duty

of the owner, agent or operator to send down all such props when required."

It will be seen that the statutory right of action given under section 14 rests upon the wilfulness of the failure to comply with the provisions of the act. Unless the failure to furnish necessary props was wilful no right of action accrued to plaintiff. The element of wilfulness should, therefore, have been kept prominently in view in the pleading and throughout the trial. Such have been the rulings of the courts of Illinois under an act of which this one is a literal copy. *Hawley v. Daily,* 13 Bradw. 391; *Litchfield Coal Co. v. Taylor,* 81 Ill. 590.

In common parlance the word "wilful" is used in the sense of "designed" or "intentional." It is so defined. Black's Dictionary; Anderson's Law Dictionary; *State v. Clark,* 29 N. J. L. 98; *Cone v. Beads,* 9 Gray, 298. No more technical meaning need be given the word as used in this statute. An intentional failure to perform a statutory duty would be a wilful refusal. Such has also been the view of the courts of Illinois in construing the statute of that state. *Niantic Coal Mining Co. v. Leonard,* 126 Ill. 216; *Beard v. Skeldon,* 113 Ill. 584; *Wesley C. C. Co. v. Healer,* 84 Ill. 128.

We do not think the second instruction given at the request of plaintiff gave sufficient prominence to the element of wilfulness in the refusal of defendant complained of. The instruction told the jury that, "if defendant failed and neglected to furnish the necessary and sufficient supply of timbers to be used as props so that said plaintiff could be able at all times to properly secure said room in which he was working from caving in, and that the failure to furnish said props when requested by plaintiff, and to keep a sufficient supply on hand for the use of the plaintiff would have pre-

vented the injury to the plaintiff, without fault on his part, then you will find for the plaintiff."

The statute made it the duty of the "owner, agent or operator" to keep a sufficient supply of timber "when required," to be used as props, and for an injury to persons occasioned by any wilful failure to comply with this requirement a right of action was given to the party injured. A wilful or intentional failure to supply the props necessarily implied a knowledge that they were needed. The instruction was faulty in not requiring the jury to find, as a condition to a recovery, that the defendant had notice that the timber and props were required, and, with such notice, neglected and refused to supply them. The wilfulness consisted in a failure and refusal to do what the law required, after notice that the necessity existed. Other instructions are subject to the same objection.

III.   Complaint is made of the first instruction given by the court at the request of plaintiff. This instruction makes defendant, if the actual owner of all the property, responsible for non-observance of the law, though the coal was, in fact, taken out by one Alex. Wilson, under an arrangement by which the defendant was to furnish all material, machinery and appliances necessary for getting out the coal; and the shafting, timbers, props, etc., necessary for the operation of the mine and the safety of the miners, and that Wilson should be paid a certain price per bushel for the coal when delivered above ground, and though the miners were employed and paid by Wilson.

Section 16 of the act imposes the duty of providing timbers and props upon the "owner, agent or operator" of the mine, and not necessarily and exclusively on the employer of the miners. The duty enjoined, as the title of the act indicates, was intended to secure the health and safety of the persons employed in the mines,

no matter by whom employed. The relation of master and servant is not, therefore, necessarily involved, nor the principles of law governing that relation. For the safety of the operatives the statute requires certain precautions to be observed by the "owner, agent or operator," and liability is confined to such persons.

That the defendant was the actual owner of the property is not denied, and, giving the word "owner" its ordinary meaning, there could be no doubt that the duty would rest upon the defendant, and could not be avoided so long as such ownership continued. The statute (sec. 3), however, defines the word owner, as used therein, to mean "the immediate proprietor, lessee or occupant of any coal mine, or any part thereof." The statute clearly recognizes the right of the actual owner of the property to transfer to another the occupancy and proprietorship of the mine by lease or other contract, and thus relieve himself from the duties imposed.

The owner cannot, however, be permitted to relieve himself of this statutory duty, and at the same time retain any joint occupancy or proprietorship of the mines. To relieve himself he must part with all immediate proprietorship and occupancy of the mine and control of its operation. *Speed v. Railroad*, 71 Mo. 305; *Fell v. Mining Co.*, 23 Mo. App. 216. Indeed, under the arrangement with Wilson, as submitted to the jury, no effort was made to relieve defendant of its obligation to furnish timbers for propping and securing the roof and walls of the mine, but, on the contrary, the duty was expressly continued on defendant. The instruction is without substantial fault.

IV. Sufficiency of the petition is questioned. It charges, in substance, that the props and timbers were required; that defendant was notified of the fact, and requested to furnish them, and neglected and *refused*

to do so.   These were the substantive facts which con-
stituted wilfulness in defendant's refusal.   We think
the petition sufficient after verdict without a specific
charge that defendant was guilty of a wilful disregard
of its duty, the facts constituting such wilfulness being
fully stated.   *Hoester v. Sammelmann*, 101 Mo. 624.

Numerous other errors are assigned, but none are
considered of sufficient importance to merit special
consideration.

Reversed and remanded, in which all concur.
BARCLAY, J., alone does not agree to paragraph 1;
SHERWOOD, C. J., BLACK, BRACE and GANTT, JJ., do
not agree to paragraph 4 of the opinion, but hold the
petition insufficient in failing to charge a wilful viola-
tion of the act.   All agree to paragraphs 2 and 3.