# Stith Coal Co. v. Harris.

### Injury to Servant.

(Decided April 20, 1915.   Rehearing denied May 11, 1915.
68 South. 797.)

1. **Master and Servant; Injury to Servant; Place of Work; Mines.**—Acts 1911, p. 514, was enacted to reduce the danger in mining coal, and applies not only to those occupying the relation of servant or employee, but also to independent contractors.

2. **Same; Assumption of Risk.**—In the absence of a contract an employee does not assume the risk incident to non compliance with statutory regulations by continuing at work, even in violation of rules promulgated by the employer, if such rules are an evasion of the statute.

3. **Same; Pleading; Variance.**—Where the evidence showed that the relation of independent contractor existed, and the complaint averred the relation of master and servant, the action being for personal injuries by a coal miner against his employer, the variance was immaterial, as it did not affect the substantial rights of the parties.

4. **Same; Liability.**—In an action brought under the Employer's Liability Act (§ 3910, Code 1907) plaintiff may not recover unless he shows that the relation of master and servant existed.

5. **Appeal and Error; Reservation of Ground; Variance.**—Under Circuit Court Rules 30 and 35, a variance between the allegation and the proof does not warrant a reversal, unless such variance was brought to the attention of the trial court by proper objections to the evidence or otherwise.

6. **Master and Servant; Injury to Servant; Jury Question.**—Under the evidence in this case it was a question for the jury whether the plaintiff was an independent contractor or was an employee of defendant.

7. **Same.**—The evidence examined and held sufficient to go to the jury as to whether defendant was negligent in delivering timbers to prop the roof of the mine, and as to whether such negligence was the proximate cause of the injury.

8. **Same.**—Under the evidence in this case it was a question for the jury whether plaintiff was guilty of contributory negligence and whether he assumed the risk.

[Stith Coal Company v. Harris.]

9. **Same; Instruction.**—Where the action was for injuries to a miner by the falling of the roof of a coal mine, a charge asserting that if the jury believed from the evidence, "that the defendant nor its representatives had any control or direction in respect to the details of the mining" they should find for defendant, was properly refused as misleading.

APPEAL from Walker Circuit Court.

Heard before Hon. J. J. CURTIS.

Action by C. W. Harris against the Stith Coal Company for personal injuries. Judgment for plaintiff, and defendant appeals. Affirmed.

The fifth count, after stating the relation to be that plaintiff was employed by defendant in its coal mine, and that, while engaged in the scope of his employment and in his duties as such, a large rock or piece of slate fell from the roof of the mine upon plaintiff, inflicting injuries therein described, adds: Plaintiff alleges that it was the duty of the defendant to keep at a convenient place at or near the main entrance of the mine, or in the mine, a sufficient supply of props and other timbers useful for propping therein of suitable lengths and sizes for those working in said mine. Plaintiff alleges that he needed props of timbers for his working place, and that he selected and marked the same, and designated on said props or timbers the place at which they were to be delivered, the number and kind of said props and timbers. And plaintiff alleges that it then became the duty of the defendant to promptly deliver the same, or cause to be delivered the said props and timbers at his said working place. Plaintiff alleges that the defendant negligently failed to promptly deliver, or cause to be delivered, the said props and timbers at his said working place, and as a proximate result of such negligent failure the plaintiff received the injuries.

Plea 13 is as follows: Plaintiff assumed the risk of his injury, in this, that he ordered the props one morning, and, after knowing that the same had not been delivered, and knowing the need of such props to support the roof to prevent same from falling on plaintiff, plaintiff voluntarily continued to work under said unsupported roof until about 5 p. m. the following day, when said roof fell on plaintiff and injured him.

Charge 4 is as follows: If you are reasonably satisfied from the evidence that plaintiff engaged to mine coal in defendant's mine at a stated rate per ton, at a place and within the limits fixed by defendant, and that the defendant nor its representa-

[Stith Coal Company v. Harris.]

tives had any control or direction in respect of the details of the mining, nor of when nor how plaintiff should do the work he had engaged to do, and that he had the·right to employ and fix the wages of his employees, you must find for the defendant.

BANKHEAD & BANKHEAD, for appellant. RAY & COONER, for appellee.

BROWN, J.—The case was submitted to the jury on the issues presented by the fifth count of the complaint, the general issue, pleas of contributory negligence 3, 4, 9, and 10, and pleas of assumption of risk 12, 14, and 17. The only matters urged for reversal of the judgment are the alleged error of the court in sustaining the demurrer to special plea 13, the refusal of the affirmative charge, and charge 4 requested by defendant.

(1) Count 5 of the complaint is not one under the Employers' Liability Act (Code, § 3910), but is predicated on a breach of the duty imposed upon the defendant by section 38 of the act of the Legislature regulating the mining of coal in this state, approved April 18, 1911 (Acts 1911, p. 514), the provisions of which are similar in effect, but probably broader. in their scope, to those found in section 1021 of the Code, which is superseded by the act above cited. The manifest purpose of this act is to reduce to a minimum the dangers incident to the hazardous occupation of mining coal, and thus conserve the life and limbs of those engaged in this occupation. Its beneficent provisions are not only for the benefit of those occupying the relation of servants or empoloyees, but for the protection of all persons engaged in working in the mines, whether under contract as employee or independent contractor.—*Sloss-Sheffield Steel & Iron Co. v. Green*, 159 Ala. 178, 49 South. 301; *Wolf v. Smith*, 149 Ala. 461, 42 South. 824, 9 L. R. A. (N. S.) 338; *Leslie v. Rich Hill Coal Min. Co.*, 110 Mo. 31, 19 S. W. 308, 16 Am. Neg. Cases, 399; *Toomey v. Donovan*, 158 Mass. 232, 33 N. E. 396, 15 Am. Neg. Cases, 564; *Sullivan v. New Bedford, etc.*, 190 Mass. 288, 76 N. E. 1048; *Huston v. Dobson*, 138 App. Div. 810, 123 N. Y. Supp. 892; 5 Labatt, Emp. Liab. 5142-5144.

The rule of liability for breach of duty thus imposed is stated as follows: "The person upon whom a statutory or positive duty is imposed cannot delegate in any manner the performance of

that duty, so as to relieve himself from responsibility for the performance of that duty. Both the duty and the responsibility rest where the duty is imposed, and hence the principal is liable for any injury that arises to others from the nonperformance of such duty, or in consequence of its having been negligently performed, either by himself or by a contractor employed by him."—1 Bailey, Personal Inj. 125 (c) ; *Pratt Con. Coal Co. v. Davidson,* 173 Ala. 669, 55 South. 886; *Atlanta & F. R. Co. v. Kimberly,* 87 Ga. 161, 13 S. E. 277, 27 Am. St. Rep. 231; *H. & G. N. R. Co. v. Meador,* 50 Tex. 77; *L. & N. R. R. Co. v. Smith's Adm'r,* 134 Ky. 47, 119 S. W. 241.

(2) It is a matter of serious doubt whether a workman in a coal mine can assume the risk incident to a noncompliance with the statute, even by special contract supported by sufficient consideration, and whether such contract would be void as contravening the public policy of the state, a question not necessary here to decide, but it is clear that, in the absence of such contract, the risk is not assumed by continuing at work, even in violation of rules promulgated by the mineowner in evasion of the statute:—*Pratt Coal Co. v. Davidson, supra; L. & N. R. R. Co. v. Handley,* 174 Ala. 599, 56 South. 539. The result is that the demurrers to the defendant's plea of assumption of risk numbered 13 were properly sustained.

The appellant insists that the judgment should be reversed because of the refusal of the court to give the affirmative charge requested by it: (1) Because, as appellant contends, the evidence shows without dispute that the relation of contractor and contractee existed between the plaintiff and the defendant, and therefore there was a variance between the averments and the proof, in that the complaint, count 5, averred that the plaintiff was an employee of the defendant; and (2) that it showed that the breach of the statutory duty in failing to furnish timber for props, etc., was not the proximate cause of the plaintiff's injury.

(3) The first of these contentions can be disposed of on two theories. As we have shown, it matters not whether the plaintiff was an employee or independent contractor, the statute on which the plaintiff rested his right to recover damages was for his benefit, and if, as a proximate consequence of a breach of a duty imposed by the statute on the defendant or its servants, plaintiff was injured, he was entitled to recover. In other words,

in so far as the substantial rights of the parties were concerned, it is immaterial in law whether the plaintiff was an employee or independent contractor, and, the averment in the complaint as to the relation of the parties being one of mere inducement, the strict rule of proof is not applicable.—*Wilson v. Smith,* 111 Ala. 170, 20 South. 134; *B. R., L. & P. Co. v. Moore,* 148 Ala. 115, 42 South. 1024; *Dickson v. Bachelder,* 21 Ala. 699; 31 Cyc. 674; *Peck v. Ashurst,* 108 Ala. 429, 19 South. 781.

(4) If the complaint stated a cause of action under the Employers' Liability Act (Code, § 3910), the plaintiff could not recover without showing the relation of employee to the defendant, for manifestly, unless he was an employee, that section of the Code imposed no duty upon the defendant.—*Warrior-Pratt Coal Co. v. Shereda,* 183 Ala. 118, 62 South. 721; *Ga.-Pac. Ry. v. Propst,* 85 Ala. 203, 4 South. 711.

(5) The record does not show that the alleged variance was brought to the attention of the trial court by proper objection to the evidence or otherwise.—Circuit Court Rules 34, 35 (175 Ala. xxi).

(6) The evidence shows no specific contract between the parties defining their rights or duties, but merely shows that the plaintiff was engaged in mining coal for the defendant; that he was assisted in the work by his son and by his nephew, James Pass, who was employed by the plaintiff, and that the defendant paid the plaintiff monthly at the rate of 50 cents per ton; that the plaintiff was driving a heading, and also kept up a room, so that when he could not get work in the heading he worked in the room; that the hours fixed by the defendant for the miners so engaged to work were from 7 a. m. until 4:30 p. m., but that plaintiff and his help went in and out as was convenient for them. The instrumentalities used in the work, besides the men, as the evidence tended to show, were blasting materials, picks, shovels, axes, cars onto which the coal was loaded and moved out of the room by the defendant onto the main entry tracks, tracks, and motors for moving cars. The evidence does not disclose who furnished the blasting materials, picks, shovels, and axes, but shows that the cars, tracks, and motors were furnished by the defendant and under its control. The evidence also tends to show that it was the duty of the defendant's mine foreman, James House, to see that the miners were furnished

with proper timbers for making their places of work safe when they required such timbers, and that he controlled the men and means of moving such timbers; that his duties were to look after the entire mine. The evidence also tended to show that it was a part of the duties of the superintendent of the mines to inspect the roof of the mines where the rock fell upon and injured the plaintiff, and he testified: "Harris [the plaintiff] was working under me. I had control of the bosses and the men were under the bosses."

Under this evidence it was a question for the jury whether the defendant had control and supervision of the plaintiff, and agencies by which the mining of the coal within the area of the plaintiff's labor was accomplished, or whether the plaintiff was rendering service in the course of an independent occupation representing the will of his employer only as to the result of the work; in other words, whether the relation existing between the parties was that of master and servant or contractee and contractor.—*Drennen v. Smith,* 115 Ala. 402, 22 South. 442; *Harris v. McNamara,* 97 Ala. 182, 12 South. 103; *A. W. R. Co. v. Talley-Bates Const. Co.,* 162 Ala. 396, 50 South. 341; *Warrior-Pratt Coal Co. v. Shereda,* 183 Ala. 118, 62 South. 721; *Merriweather v. Sayre Mining Co.,* 161 Ala. 455, 49 South. 916.

(7, 8) There was evidence that the plaintiff marked the timbers necessary for his use on the morning of the day before he was injured, and that if the timbers had been promptly delivered the roof from which the rock fell and injured plaintiff could and would have been made safe, that the timbers were not delivered until the afternoon of the next day after they were ordered, and but a few minutes after they were delivered the plaintiff started to move the timbers in place for putting them up, when a portion of the roof fell upon him. The evidence on this point offered by the defendant was in conflict with the plaintiff's evidence and its tendencies. Under this evidence it was for the jury as to whether the defendant or its servants were guilty of negligence with reference to delivering the timbers, and as to whether this negligence was the proximate cause of the injury, as was the question presented by the defendant's pleas of contributory negligence and assumption of risk. Therefore the affirmative charge requested by the defendant was well refused.

[Bricken v. Sikes.]

(9) Charge 4 does not correctly state the hypothesis that fixes the relation of the plaintiff as an independent contractor, in this: "If the jury believed from the evidence that the defendant nor its representative had any control or direction in respect to the details of the mining," the relation of master and servant, rather than of independent contractor, was shown.—*Warrior-Pratt Coal Co. v. Shereda, supra.*

At best, the language in which this charge is expressed is confusing and calculated to mislead, and it was therefore properly refused.

There being no error in the record, the judgment of the circuit court is affirmed.

Affirmed.