(88 South. 58)

## COOK v. STATE. (4 Div. 648.)

(Court of Appeals of Alabama. June 22, 1920. Rehearing Denied Nov. 16, 1920.)

1. CRIMINAL LAW ☞739(3) — AFFIRMATIVE CHARGE CANNOT BE GIVEN, WHERE EVIDENCE ON LIMITATIONS CONFLICTING.

The general affirmative charge is based on consideration of all the evidence in the case, and cannot be given where the evidence as to whether the prosecution is barred by limitations is conflicting.

2. CRIMINAL LAW ☞1144(4)—COURT MUST PRESUME PRINCIPLES ANNOUNCED IN REFUSED CHARGES WERE COVERED BY THOSE GIVEN.

In the absence of charges given defendant at his request, the Court of Appeals must presume that the principles of law announced in the refused charges were covered by those given.

3. CRIMINAL LAW ☞516 — TESTIMONY HELD NOT A CONFESSION OF LARCENY, REQUIRING SHOWING IT WAS VOLUNTARY.

In a prosecution for larceny of pigs, testimony of a witness that defendant had told the witness that a mule broke one of defend-

ant's pigs in the back, and the sow laid on another and killed it, was not a confession of guilt on the part of defendant, requiring predicate showing it was voluntary.

**4. CRIMINAL LAW** ☞338(3) — **TESTIMONY RENDERED COMPETENT BY DEFENDANT'S SUBSEQUENT TESTIMONY.**

In a prosecution for larceny of pigs, testimony of a witness that defendant had told the witness that a mule broke one of defendant's pigs in the back, etc., though immaterial when offered, was rendered relevant and material by defendant's testimony that the pigs found in his possession and with his sow were his property.

**5. CRIMINAL LAW** ☞517(2)—**TESTIMONY ADMISSIBLE AS CONFESSION OF LARCENY.**

In a prosecution for larceny of pigs, testimony of a witness that defendant told him he got two more pigs from the prosecuting witness held relevant and competent, proper predicate as to its voluntary character having been laid, as was also the additional statement that defendant had asked the witness to say nothing about it.

**6. LARCENY** ☞32(1)—**OWNERSHIP PROPERLY LAID IN PARTY WHO HAD INTEREST AND POSSESSION.**

In a prosecution for larceny of pigs, it having been shown that the prosecuting witness had an interest in the pigs, and had possession, ownership was properly laid in him.

**7. CRIMINAL LAW** ☞1169(1)—**TESTIMONY IN PROSECUTION FOR LARCENY OF PIGS HARMLESS.**

In a prosecution for larceny of pigs, testimony of defendant's witness that he never paid any more attention to defendant's pigs than to any others until the prosecution was brought held harmless to defendant.

**8. WITNESSES** ☞268(2)—**TESTIMONY OF WITNESS ON CROSS-EXAMINATION THAT HE KNEW NOTHING OF PLACING OF PIGS WITH DEFENDANT'S SOW ADMISSIBLE.**

In a prosecution for larceny of pigs, the trial court properly permitted defendant's witness to testify on cross-examination that if any of defendant's pigs had been killed or replaced and put with defendant's sow before witness saw them he, the witness, knew nothing about it; the testimony being admissible to test his knowledge of the fact.

**9. LARCENY** ☞43—**PROOF OF POSSESSION IN PROSECUTING WITNESS, WHO OWNED HALF INTEREST, PROPER.**

In a prosecution for larceny of pigs, it was competent to prove possession of the pigs in the prosecuting witness, though he only owned a half undivided interest.

**10. CRIMINAL LAW** ☞401—**INTRODUCTION OF DEEDS TO PROVE OWNERSHIP OF FARM FROM WHICH PIGS WERE STOLEN UNNECESSARY.**

In a prosecution for larceny of pigs, proof of the ownership of the farm where the pigs were being collateral, introduction of deeds to prove the fact was not necessary.

## On Rehearing.

**11. CRIMINAL LAW** ☞1032(7)—**NO REVERSAL FOR REFUSAL TO GIVE AFFIRMATIVE CHARGE ON ACCOUNT OF VARIANCE WHERE MATTER NOT CALLED TO ATTENTION OF COURT.**

The attention of the court trying a larceny prosecution not having been called to the matter of a variance in time between the showing as to the date of the theft made by the prosecuting witness and that made by another witness, conviction cannot be reversed for refusal to give the affirmative charge on the ground prosecution was begun after expiration of the period of limitations.

Appeal from Circuit Court, Houston County; H. A. Pearce, Judge.

Pharoah Cook was convicted of petit larceny, and he appeals. Affirmed.

Farmer, Merrill & Farmer, of Dothan, for appellant.

The fact that the court permitted the witness Barton to testify that defendant told him that the mule broke one down in the back, and the sow laid on the other and killed it, was error, because it was inculpatory admission on the part of the defendant. 171 Ala. 19, 55 South. 159; 144 Ala. 106, 42 South. 30; 2 Ala. App. 175, 56 South. 64. The testimony as to whether Marvin Brown paid any attention to the pigs, and the testimony of Goodwin as to whether he knew anything about the pigs being killed and replaced, was error. 159 Ala. 14, 48 South. 858; 151 Ala. 125, 44 South. 60; 142 Ala. 698, 39 South. 92, 110 Am. St. Rep. 55; 147 Ala. 33, 41 South. 973; 96 Ala. 29, 11 South. 478. The affirmative charge should have been given, since the evidence showed that the offense was barred. Section 7347, Code 1907.

J. Q. Smith, Atty. Gen., for the State. No brief came to the Reporter.

SAMFORD, J. [1] The prosecution was begun September 8, 1919. The testimony of E. Branton, the prosecuting witness, shows that the larceny took place on January, 1918, more than 12 months before the finding of the indictment, and upon this the defendant requests affirmative instruction for an acquittal. If this were all the testimony, the charge should have been given, but other witnesses gave testimony tending to prove that the pigs were stolen in January, 1919. The general affirmative charge is based upon a consideration of all the evidence in the case. Cohen v. State, 16 Ala. App. 522, 79 South. 621.

[2-4] As to other charges refused to defendant, the record discloses that the court gave at the request of the defendant written charges, which were read to the jury, but do not appear in the record. In the absence of these given charges, we must presume that

the principles of law announced in the refused charges were covered by the given charges. The testimony of the witness Barton that defendant had told witness that a mule broke one of defendant's pigs in the back, and the sow laid on another and killed it, was not a confession of guilt on the part of defendant such as to require a predicate showing it to have been voluntary before it would have been admissible in evidence. McGehee v. State, 171 Ala. 19, 55 South. 159. And while such evidence was immaterial at the time it was offered, it was subsequently made relevant and material by the testimony offered by defendant to the effect that the pigs found in his possession and with his sow were his property.

[5] The testimony of the witness Barton that:

"He [defendant] told me that he got two more pigs from Lige Branton; that he thought he was getting a sow and a male, and he got one one night and one another, and he found out both of them was boar pigs,"

—was relevant and competent, the proper predicate as to its voluntary character having been laid, as was also the additional statement that defendant had asked witness to say nothing about it.

[6] It having been shown that E. Branton had an interest in the pigs alleged to have been stolen, and had the possession of them, the ownership was properly laid in him. Vaughn v. State, ante, p. 35, 81 South. 417.

[7] The defendant suffered no injury by reason of the testimony of Marvin Brown, to the effect that he never paid any more attention to the defendant's pigs than to any other until the suit was brought, and that then he went to look at them. This was defendant's witness, and the fact that he went to look at the pigs could not affect his credibility, and his testimony after looking at the pigs tended to corroborate the defendant's theory of the case.

[8] It was not error for the court to permit defendant's witness Dewey Godwin to testify on cross-examination that if any of defendant's pigs had been killed or replaced and put with defendant's sow before witness saw them, he (witness) knew nothing about it. This was for the purpose of testing his knowledge as to the facts about which he had testified.

[9, 10] As has already been seen, it was competent to prove the possession of the pigs in Branton, the prosecuting witness, although he only owned one-half undivided interest in them. The proof of ownership of the farm where the pigs were was collateral, and therefore the introduction of the deeds to prove this fact was not necessary.

The charge of the court to the jury correctly stated the law of the case as made by the evidence. We find no error in the record, and the judgment is affirmed.

Affirmed.

On Rehearing.

[11] The writer of the original opinion is content to rest his conclusion as to the refusal of the court to give the affirmative charge as requested by the defendant, on the reasons stated in the opinion, but the other members of the court suggest, and in the suggestion all concur, that, in addition to the reasons heretofore stated, this cause cannot be reversed on account of the refusal to give the affirmative charge; it nowhere appearing in the record that the trial court's attention was called to the variance in time as here insisted upon. Circuit court rule 35; Stith Coal Co. v. Harris, 14 Ala. App. 181, 68 South. 797; Ray v. State, 16 Ala. App. 496, 79 South. 620; Hendrix v. State, 11 Ala. App. 207, 65 South. 682.

The application for rehearing is overruled.