(125 So. 795)

## TRAMMELL v. CITY OF ROANOKE. (5 Div. 787.)

Court of Appeals of Alabama. Jan. 21, 1930.

Hooton & Moon, of Roanoke, for appellant.

Vann & Boyd, of Roanoke, for appellee.

SAMFORD, J. ■ In passing upon a request for the general affirmative charge, the court must consider the entire evidence, both for the plaintiff and defendant. If, after doing so, the evidence is without conflict, the question is one for the court. Cohen v. State, 16 Ala. App. 522, 79 So. 621; Cook v. State, 17 Ala. App. 611, 88 So. 58.

■■ The evidence without dispute is that, upon a search being made, some whisky was found, in a keg in the back room of the house where defendant lived with his wife; that the whisky was bought and placed there by the wife, without the knowledge or consent of defendant; that he never saw it, never knew it was there, and had nothing to do with it. The jury must have surmised a state of facts not testified to by any witness in order to have arrived at a verdict of guilty. To warrant an inference of guilt, it must appear that the possession was personal, and that it involved a distinct and conscious assertion of possession by the accused, or that, with knowledge of such possession by another, he consciously aided and abetted the crime. Cohen v. State, 16 Ala. App. 522, 79 So. 621; Gassenheimer v. State, 52 Ala. 313–319. Rumors and suspicions may be borne of such facts and depend upon such inferences as are here presented, but not the verdict of a jury, which is to stamp guilt upon a citizen and deprive him of his liberty. Gassenheimer v. State, supra.

The rulings of the trial court were not in accord with the foregoing, in that the defendant was refused the general affirmative charge.

The judgment is reversed, and the cause is remanded.

Reversed and remanded.