# McGehee *v.* The State.

## *Murder.*

(Decided Feb. 9, 1911.    Rehearing denied April 22, 1911.
55 South. 159.)

1. *Indictment and Information; Different Offenses; Joiner.*—Under the rule that two offenses, if of the same general nature and subject to the same mode of trial and punishment, committed by the same person, may be joined in the same indictment, an indictment charging defendant with the murder of an infant child of different mothers, it not fatally defective.

2. *Evidence; Admissions; Preliminary Proof.*—Inculpatory admissions in the nature of confessions, relating directly to the facts and circumstances of the crime and connecting the defendant therewith, are subject to the same rules of admissibility as direct confessions, and are not admissible in the absence of preliminary proof that they were voluntary; but admissions as to clearly collateral matters, in no sense confessing guilt, are admissible without first showing that they were voluntarily made.

3. *Same; Declarations of Accused; Denial.*—The rule against the admissions of inculpatory admissions without proof that they were voluntary, have no application to a conversation between a witness and the defendant, in which the defendant·denied the birth of the child he was accused of killing, and the commission of any crime.

4. *Same.*—Where the accused after arrest admitted that the child was born in his presence, denied his own guilt, and charged his wife with the killing, such˙declaration was not in the nature of a confession, and was not prima facie inadmissible without proof of its vountary character.

5. *Same; Commission of Offense by Another.*—While it is competent for a defendant to show that another than himself committed the offense charged, such evidence must be confined to substantive facts, and cannot include conduct or admission or even a direct confession, unless a part of the res gestæ.

6. *Appeal and Error; Review; Prejudice.*—Where a defendant repeated the same statements when a witness in his own behalf, he was not prejudiced by the admissions of said statement, which he is alleged to have made after his arrest.

7. *Same; Harmless Error; Evidence.*—Where the defendant denied making the statement he was not prejudiced by the court permitting the state to question him as to such statement alleged to have been made by him to a witness.

8. *Witnesses; Cross Examination; Interest.*—Where a state's witness had given testimony tending to incriminate the defendant, and on cross-examination testified that defendant was farming on witness's place, making a crop on shares, it was not error to refuse to

require the witness to answer whether he had turned over the part of the crop due the accused, as such question did not per se tend to show bias or interest.

9. *Same; Assuming Facts*·—Where a witness testified that at the time of the commission of the alleged offense the defendant was making a crop on his place on shares, a question on cross-examination whether witness had turned over to defendant his part of the crop, was objectionable as assuming that a crop had been actually made, that witness had possession thereof, and that accused was entitled of right to have half of it turned over to him after it had been made and gathered.

APPEAL from Crenshaw Circuit Court.

Heard before Hon. J. C. RICHARDSON.

Fletcher McGehee was convicted of murder and he appeals. Affirmed.

G. O. DICKEY, and FRANK B. BRICKEN, for appellant. · Counsel insist without citation of authority that the motion to quash the indictment should have been granted. A statement in the nature of confession cannot be received unless shown to be voluntary.—1 Mayf. 202. A confession obtained by flattery of hope or the torture of fear is not admissible.—*Lacey v. The State,* 58 Ala. 385; *Redd v. The State,* 69 Ala. 255; *Kelly v. The State,* 72 Ala. 244; *Greggs v. The State,* 106 Ala. 44. It was uncontradicted that the defendant was farming with the witness on halves, and the question as to whether he had turned over half the crop was admissible.—*Prince v. The State,* 100 Ala. 144. The court should have permitted the defendant to show the acts and demeanor of Frances McGehee who, the defendant insisted, was guilty of the crime, in determining who was the guilty party.—*Gregg v. The State, supra.* On rehearing counsel insist that they should have been permitted to show whether or not the witness had delivered defendant's half of the crop to him, as tending to show interest or bias, and in addition to the authority cited, they cite.— *Lodge v. The State,* 122 Ala. 97; *Stahmer v. The State,* 125 Ala. 72.

[McGehee v. The State.]

ALEXANDER M. GARBER, Attorney General for the State.

SOMERVILLE, J.—The indictment under which the defendant was tried and convicted of murder was in two counts. The defendant in due form objected to the indictment on the alleged ground that the first count charged him with the murder of the infant child of Fenie 'Geldell," and the second count charged him with the murder of the infant child of Fenie "Yeldell," thus charging him in one indictment with two distinct and unrelated murders. We have examined the original indictment, and are of the opinion that the mother's name is written "Yeldell" in both counts, although the capital "Y's" are of a different form.

But, in any case, the objection is not good, since two offenses by the same person, if of the same general nature, and subject to the same mode of trial and punishment, may be included in the same indictment.— *Cawley v. State*, 37 Ala. 152; *Sampson v. State*, 107 Ala. 76, 18 South. 207. Besides the record shows that no injury resulted to the defendant.

The evidence for the state tended to show that Fenie Yeldell, the defendant's stepdaughter, gave birth about 3 o'clock one morning to an illegitimate child, of which he was the father; that defendant and said Fenie's mother were present; and that defendant promptly took the infant and threw it into a near-by well.

W. W. Graydon testified for the state that on the next day he went to see defendant where he was working in the field, and talked to him about the crime for several hours; that he reasoned and argued with defendant as to defendant's guilt, and as to his telling him all he knew about it; that defendant said, "I thank you for your advice, but I will be obliged to object;" that de-

fendant further stated that said Fenie had not had a child, and, if she was in that condition, he didn't know it, and that her trouble was "bone erysipelas in her leg"; that he afterward went to see defendant at the jail, when the defendant voluntarily said, "I didn't do it. I was there and the baby was born, and Frances (his wife) took it in her coat tail and went out of the door." The defendant voluntarily took the stand, and testified in his own behalf, in substance, that the child was born in his presence, and that his wife, Frances, carried it out of the house with the declared purpose of destroying it, he the while protesting, and that he had nothing to do with the crime.

By the weight of authority, inculpatory admissions not amounting to a specific confession of guilt require when offered by the state no preliminary proof of their voluntary character. 1 Gr. Ev. (16th Ed.) pp. 346, 347; 6 A. & E. Ency. Law, p. 557; 12 Cyc. 419.

In this state, however, a modified rule has been adopted, and inculpatory admissions in the nature of a confession—that is, directly relating to the fact or circumstances of the crime, and connecting the defendant therewith are subjected to the same rules of admissibility, as direct confessions, and are therefore prima facie involuntary and inadmissible.—*Wilson v. State,* 84 Ala. 426, 4 South, 383; *Shelton v. State,* 144 Ala. 106, 42 South. 30. But admissions as to purely collateral matters, which are in no sense confessory of guilt, are not within the scope of the rule, and the predicate as for a confession need not be laid.— *Pentecost v. State,* 107 Ala. 81, 92, 18 South. 146; *Meadows v. State,* 136 Ala. 67, 34 South. 183; *Aikin v. State,* 35 Ala. 399. And see, also, *Love. v. State,* 124 Ala. 84, 27 South. 217, where the distinction is suggested.

In the present case, as the record shows, the defendant never did admit his guilt, but expressly denied it. In the first conversation in the field he denied the birth of a child, and all of his statements were in line with this idea. The rule as to confessions cannot be applied to denials, and hence we need not inquire as to the nature or effect of the importunities of the witness Graydon on this occasion.

In the second conversation at the jail, the defendant admitted that a child was born, and that he was present; but he expressly denied his own guilt, and charged it upon his wife. The fact of the defendant's presence at the time and place of the crime has some inculpatory force; but, considered in connection with his emphatic denial of his guilt, made at the same time, it cannot be considered as in the nature of a confession, and was not therefore prima facie inadmissible.

Nor could error be predicated of the admision of these latter statements, even if erroneous, since the defendant voluntarily repeated each one of them on the witness stand; and hence his previous "admissions" served only to confirm his testimony, and to that extent were beneficial to him.

It was not error to allow the state to question the defendant as to the statements made by him to Graydon in the field, nor could the result have prejudiced him, since he denied making the statements.

The trial court excluded several questions propounded to the witness Eula McGehee, by which defendant sought to show conduct and statements on the part of Frances McGehee which tended to show that she was herself the culprit.

It is, of course, proper for a defendant to show that another than himself committed the crime with which he was charged, but such proof is confined to substan-

tive facts, and cannot include conduct or admissions, nor even a direct confession, unless these are a part of the res gestæ. *Levison v. State.* 54 Ala. 520, 527. There was no error as to this.

We have examined the other rulings of the trial court upon the evidence, and find no error prejudicial to the defendant, and the judgment of conviction must be affirmed.

Affirmed.

Dowdell, C. J., and Anderson and Sayre, JJ., concur.

## On Rehearing.

SOMERVILLE, J.—On the cross-examination of the state's witness Graydon, whose testimony had tended to incriminate the defendant, the witness testified that defendant was farming on his place making a crop on halves, meaning at the time of the crime, about June 15, 1908. Defendant's counsel then asked the witness: "Have you turned over his half of the crop to him?" On objection by the state, the witness was not allowed to answer the question. It is insisted that the answer to this question, if in the negative, would have tended to show that the witness had such an interest in the conviction of the defendant as might have biased his testimony. It is, of course, true that the interest of a witness in the result of the trial, whether his interest be pecuniary or sentimental, may always be placed before the jury, as bearing upon the weight and credibility of his testimony. But we are unable to discover in the fact here sought to be elicited any tendency per se to show such an interest, or to produce such a bias. The possibilities suggested are too remote and fanciful to permit of any legitimate inference of pecuniary ad-

[Wilson v. The State.]

vantage to the witness as a result of defendant's conviction.

Moreover, it is a manifestly fatal objection to the question that it assumes that a crop had actually been made under the interrupted arrangement, that the witness had the possession of such a crop, and that the defendant was entitled of right to have half of it turned over to him after it had been made and gathered, assumptions of material facts which find no support whatever in the evidence.

We do not think the question could be affected by the fact that the witness testified that he had no interest in the case except for the good of the county. Certainly not, in view of the fact that this latter statement was not made by the witness until his recross-examination, after the question had been propounded and excluded.

Application for rehearing overruled.