[Webb v. The State.]

# Webb *v.* The State.

*Assault and Battery.*

(Decided June 11, 1914. 65 South. 845.)

1. *Appeal and Error; Presentation Below.*—Where the bill of exceptions shows no objection to the question eliciting the evidence complained of, such objection cannot be considered on appeal.

2. *Evidence; Tracks.*—Where the identity of the offendor was in issue, evidence that the feet of defendant fitted the track made by the offendor is admissible, where defendant voluntarily submitted to the comparison.

3. *Same; Confessions; Predicate.*—The question to a witness whether a defendant who insisted that he had not gone clear to the place of the assault, stated to the witness that he had a bucket and gun with him on the night of the assault (it being contended that the assault was committed by one with a bucket and gun) does not call for confession, and a predicate was not necessary, as no predicate is required where the statement of defendant is as to a collateral matter, notwithstanding it may constitute evidence of guilt when taken in connection with other evidence.

4. *Charge of Court; Circumstantial Evidence.*—Where the prosecution relied on circumstantial evidence for conviction, a charge asserting that to justify a conviction circumstantial evidence should exclude any rational probability of innocence, and that a conviction should not be had on circumstantial evidence when direct and positive evidence was obtainable, was properly refused.

6. *Same; Covered by Those Given.*—It is not error to refuse instruction substantially covered by written instructions given.

APPEAL from St. Clair Circuit Court.

Heard before Hon. JAMES E. BLACKWOOD.

Guss Webb was indicted for assault with intent to murder Tom Cole, and was convicted of assault, and he appeals. Affirmed.

Charge 2 is as follows:

To justify a conviction, circumstantial evidence ought to exclude a rational probability of innocence; and a conviction ought not to be had on circumstantial evidence when direct and positive evidence are obtainable.

No counsel marked for appellant.

R. C. BRICKELL, Attorney General, and T. H. SEAY, Assistant Attorney General, for the State.

WALKER, P. J.—A principal controverted question in the trial was that of the identification of the defendant as the person who in the nighttime shot Thomas Cole. On the morning after the shooting, the defendant accompanied the chief of police of Pell City and one Love to the scene of the shooting. It is not made to appear that error was committed in overruling the defendant's objection to the statement of the witness Love as to their having the defendant place his feet in certain tracks which were found. For anything that is disclosed by the bill of exceptions, this statement may have been made in a responsive answer to a question which was not objected to. Furthermore, the testimony of the witness showed that what the defendant did in this connection was voluntary. This being true, it was permissible to prove that the defendant's feet fitted the tracks.—*Potter v. State,* 92 Ala. 37, 9 South. 402.

The evidence for the state tended to prove that the shooting was done by a man who had a bucket and a gun. The defendant, in talking with others about the occurrence the next day, claimed that he went to one Garrett's the night of the shooting, but that he did not go to the place where the shooting occurred. The witness Graham, after testifying to accompanying the defendant to a place where he proposed to show the tracks where he claimed to have met another person with a gun, was asked if the defendant stated whether or not he had a bucket and gun when he went to Garrett's. This question did not call for evidence of a confession, and was not subject to objection on the ground that no

proper predicate had been laid. A predicate as for evidence of a confession is not required to be laid when the statement of the defendant which is sought to be proved is as to a purely collateral matter, and is in no sense a confession of guilt, though the fact stated, in connection with other facts and circumstances proved, may constitute evidence of the commission of the offense charged.—*McGehee v. State,* 171 Ala. 19, 55 South. 159; *Reid v. State,* 168 Ala. 118, 53 South. 254; *Meadows v. State,* 136 Ala. 67, 34 South. 183; *Pentecost v. State,* 107 Ala. 81, South. 146.

Plainly no prejudicial error was committed in other rulings on evidence to which exceptions were reserved.

Written charge 2 was properly refused.—*Welch v. State,* 124 Ala. 41, 27 South. 307. So far as any of the other refused charges asserted correct propositions applicable to the evidence in the case, they were fully covered by written charges given at the defendant's request.

Affirmed.