(109 So. 521)

HOPE v. STATE. (7 Div. 173.)

(Court of Appeals of Alabama. Aug. 31, 1926.)

1. Criminal law ⬤⇒1167(2).

Where indictment charged manufacturing whisky in one count and possession of still in other, conviction under second count operated as acquittal under first and rendered unnecessary consideration on appeal of matters relating solely to it.

2. Criminal law ⬤⇒459—In prosecution for manufacturing whisky and possessing still, permitting solicitor to ask witness questions qualifying him as to his knowledge of whisky, still, and beer and elicit testimony thereto held proper.

In prosecution for manufacturing whisky and for possession of still, permitting solicitor to ask witness questions qualifying him as to his knowledge of whisky, still, and beer was

proper, and witness when so qualified could testify as to what he found, where still involved was located and as to what it was.

**3. Criminal law ☞363.**

In prosecution for manufacturing whisky and unlawful possession of *still*, everything present where still was found and relating to crime charged was part of res gestæ.

**4. Criminal law ☞720(6).**

Counsel in arguing to jury may state their conceptions of what evidence is.

**5. Criminal law ☞719(1).**

Ruling out statement of defendant's counsel, not based on any evidence disclosed by record and calculated only to influence jury against officer, was proper.

**6. Criminal law ☞725.**

Admonition that jury should be as much interested in convicting defendant if guilty as in discharging him if not guilty was not error nor unfair to defendant.

**7. Criminal law ☞768(1).**

Admonition of duty to juries by nisi prius judges is proper.

**8. Criminal law ☞763, 764(6).**

In prosecution under Code 1923, § 4656, for possession of still, instruction that only question for jury was whether defendant owned or controlled still *held* error, in view of section 9507 prohibiting charges on effect of testimony unless requested.

**9. Criminal law ☞338(1).**

Acts of ownership, dominion, or control are to be considered in determining whether one has possession of personal property contrary to law.

**10. Criminal law ☞822(1).**

Excerpts from oral charges of trial courts are to be read in connection with entire oral charge and given written charges.

**11. Intoxicating liquors ☞233(2).**

In prosecution for possession of still, forbidden by Code 1923, § 4656, acts of ownership or dominion may be proved as evidence of possession.

Appeal from Circuit Court, Shelby County; E. S. Lyman, Judge.

W. H. Hope was convicted of possessing a still, and he appeals. Reversed and remanded.

Leeper, Wallace & Saxon, of Columbiana, for appellant.

Statements by the solicitor of facts in his argument, unsupported by the evidence, are ground for reversal. Scott v. State, 113 Ala. 64, 21 So. 425; Thomas v. State, 18 Ala. App. 268, 90 So. 878; Rowe v. State, 20 Ala. App. 119, 101 So. 91: The trial court committed error in his oral charge to the jury. Code 1923, § 9507.

Harwell G. Davis, Atty. Gen., and Chas. H. Brown, Asst. Atty. Gen., for the State.

The oral charge of the court must be taken as a whole, and when so taken the charge in this case is fair and correct. Holladay v. State, 20 Ala. App. 76, 101 So. 86. The argument of the solicitor was not improper. Berry v. State, 20 Ala. App. 102, 100 So. 922; Winchester v. State, 20 Ala. App. 243, 102 So. 535. Witnesses properly qualified were allowed to testify what they found at the still without error. Pate v. State, 20 Ala. App. 358, 102 So. 156; Hallmark v. State, 20 Ala. App. 281, 101 So. 905.

SAMFORD, J. [1] The indictment was in two counts. The first charged manufacturing whisky and the second unlawful possession. The verdict of the jury convicting the defendant under the second count was equivalent to an acquittal of the charge under the first count of the indictment, so that it will be unnecessary for us to pass upon any question presented by the record and relating solely to the first count. Tuggle v. State, 19 Ala. App. 541, 98 So. 815.

[2, 3] It was proper for the court to allow the solicitor to propound questions to the witness Gillespie qualifying him as to his knowledge of whisky, stills, beer, etc. When so qualified the witness could testify as to what he found at the place where the still here involved was located and as to what it was. Everything there present and relating to the crime charged was a part of the res gestæ. Hewitt v. State, 20 Ala. App. 379, 102 So. 489; Cochran v. State, 20 Ala. App. 109, 101 So. 73; Parmer v. State, 20 Ala. App. 233, 101 So. 482; Pate v. State, 20 Ala. App. 358, 102 So. 156.

[4, 5] Counsel in making argument to the jury have a right to state their conception of what the evidence is. This is what the solicitor did, whereas the statement of defendant's counsel ruled out by the court was not based upon any evidence disclosed by this record, and was calculated only to influence the minds of the jury against an officer who was in the discharge of his duty. The rulings of the court as to the argument of the solicitor and in excluding the excerpt from the argument of defendant's counsel were free from error.

[6, 7] The excerpt from the court's oral charge follows:

"You ought to be just as much interested, gentlemen, in the conviction of the defendant, if he is guilty, as you are in his discharge if he is not guilty, and you should be just as much interested in acquitting the defendant, if he is not guilty, as you are in convicting him if he is guilty."

This admonition to the jury is not error, nor is it unfair to defendant. Admonition of the

high and sacred duty resting upon juries by nisi prius judges should be encouraged rather than condemned.

[8] The possession necessary to a conviction under the statute condemning the possession of certain stills is defined in Berry v. State, 20 Ala. App. 102, 100 So. 922; Harbin v. State, 19 Ala. App. 623, 99 So. 740; Ex parte ex rel. Atty. Gen., 210 Ala. 55, 97 So. 426. The court in his oral charge said:

"This is a prosecution against this defendant, and you are not here to try any other case. Some testimony has been introduced here about some shooting that was done, and that the defendant was shot by one of the officers, and that one of the things that occurred at the time they said this law was being violated there, but you are not trying that, and the simple and only question for you to determine from all this testimony is whether or not the defendant on the occasion testified about was exercising any acts of ownership or control or dominion over the still down there."

This excerpt taken and considered alone would be error. The crime condemned by the statute is the unlawful possession of a still, etc.

[9, 10] Acts of ownership, dominion, or control over personal property are evidence of possession to be considered by the jury in determining whether or not the defendant had such possession as the law contemplates and condemns. Taken alone the excerpt is invasive of the province of the jury, for, notwithstanding acts which might indicate ownership or possession, the jury might conclude from the whole evidence that no such ownership or possession existed. However, excerpts from oral charges of courts in the trial of cases are not to be considered alone and apart, but are to be read in connection with the entire oral charge and the given written charges. Holladay v. State, 20 Ala. App. 76, 101 So. 86. When this is followed we find that the court in another part of the charge said:

"It is not necessary that he should be the owner, and it is not necessary that he should have the exclusive possession, but if he is interested in it with somebody else and operating it with somebody else, *or exercises any acts of dominion and control over it* [italics ours], that would be possession within the meaning of this law."

[11] The court fell into error in the statement above as indicated by the italics and emphasized the error in the excerpts excepted to. The crime fixed and denounced by section 4656 of the Code of 1923 is the manufacture, sale, giving away, or having in possession certain specified personal property to be used for the manufacture of prohibited liquors. Acts of ownership or dominion may be proven as evidence of the possession condemned and from which the jury must form their conclusion and make their verdict. When this court, therefore, charged the jury that if the defendant exercised any act of dominion and control over the still in question that such would be possession within the meaning of the law, and "the simple and only question for you to determine from all the testimony is whether or not the defendant on the occasion testified about was exercising any acts of ownership or control or dominion over the still down there," he fell into the error of invading their province. Acts of dominion are evidentiary, which though proven may be under all the evidence in the case consistent with defendant's innocence. The charge violates section 9507 of the Code of 1923, and for this error the judgment is reversed and the cause is remanded.

Reversed and remanded.