(122 So. 611)
## LYLES v. STATE. (8 Div. 694.)

Court of Appeals of Alabama. March 26, 1929.

Rehearing Denied April 30, 1929.

Bradshaw & Barnett, of Florence, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

SAMFORD, J. In his excellent brief filed in this case, appellant's counsel propounds to

the court four inquiries involving the issues presented on this appeal as follows:

(1) "Did the Court commit error in refusing Charge No. 7, which was requested in writing?"

(2) "Did the Court commit error in permitting the solicitor to prove, over the timely objection of the defendant, that defendant's witness, Jim Olive had been convicted and served a term in the penitentiary in the State of Tennessee, for a felony, when it was ascertained that the offense referred to did not involve moral turpitude."

(3) "Did the Court commit error in refusing charges requested in writing numbered 4 and 5?"

(4) "Did the Court commit error in charging the jury in its oral charge 'if he had a still, apparatus, appliance, device or substitute for a still and he had it in his possession for the purpose of making liquor, then he had it in his possession in contemplation of Law?"

In disposing of this appeal we follow the contentions of appellant as above.

■■ Refused charge 7 is invasive of the province of the jury. When the state makes out a prima facie case by proof of the possession of a part of a still, etc., commonly or generally used for or that is suitable to be used in the manufacture of prohibited liquors, etc., the question is then for the jury, and if not explained to their satisfaction a verdict of guilt is authorized and will not be disturbed on appeal. Freeman v. State, 21 Ala. App. 629, 111 So. 188; Arthur v. State, 19 Ala. App. 311, 97 So. 158.

■■ The court was in error in permitting the state to ask the witness Olive if he had not been convicted of a felony in the state of Tennessee, because it was not shown that such felony involved moral turpitude; but this error was subsequently corrected by the court and the evidence excluded. This eliminates the exception and leaves us nothing to review. The circuit court has already reviewed the ruling and decided it with the appellant.

■ Refused charges 4 and 5 as requested by defendant are abstract. The conviction of this defendant does not rest upon circumstantial evidence.

■■ That part of the court's oral charge to which exception was reserved is not a charge upon the effect of the evidence. The court simply stated the crime charged and left it to the jury to determine from the evidence whether it was true. The whole charge of the court must be read in connection with the excerpt.

Let the judgment be affirmed.

Affirmed.