27 So.2d 235

## TOWNS v. STATE.

### 7 Div. 865.

Court of Appeals of Alabama.

Aug. 1, 1946.

Roy D. McCord, of Gadsden, for appellant.

Wm. N. McQueen, Atty. Gen., and Willard W. Livingston, Asst. Atty. Gen., for the State.

HARWOOD, Judge.

This appellant was indicted, tried and convicted for and of the offense of assault with intent to murder. The court fixed his punishment at imprisonment in the State penitentiary for a term of three years.

The evidence presented by the State was directed toward showing that seven or eight negroes had on the night of October 27, 1944, been engaged in a card game known as "skin" in the home of Cliff Rasberry. Appellant and George Lee Bradford were among the participants. During the game appellant asked Bradford for $1.50, and was refused. Appellant then made threatening remarks toward Bradford, who almost immediately announced he was going home.

484

Bradford did leave, going out of a back door, and after he had proceeded a short distance down a path was met by appellant who had left by the front door. Without any words being spoken appellant fired twice with a pistol he was carrying, the second shot striking appellant in the abdomen.

Appellant's testimony was the only evidence presented by the defense in the trial below. Appellant's version was that during the game in Rasberry's house he had requested Bradford to pay him $1.50 of a debt of $10 which Bradford owed him. Bradford, cursing appellant, refused to make any payment, and pulled out a switch blade knife, opened it and replaced it in his pocket. Shortly after leaving Rasberry's house he was approached by Bradford who cursed him and told him that now was the time to settle their difficulty. Bradford then pulled out his open knife and continued to advance on appellant until stopped by the pistol bullet.

■ Clearly the evidence presented by the State tended to establish that appellant was guilty of assault with intent to murder and was properly submitted to the jury.

Over objections of appellant Mr. Mashburn, a deputy sheriff, was permitted to testify that the day after the shooting the appellant told him that he had gone down the path taken by Bradford to talk to him about $1.50 owed him by Bradford.

■■ Statements not confessory but inculpatory in nature only concerning collateral facts are prima facie voluntary, and admissible if otherwise relevant without a predicate of voluntariness. McGehee v. State, 171 Ala. 19, 55 So. 159; Jordan v. State, 26 Ala.App. 122, 156 So. 642, certiorari denied 229 Ala. 297, 156 So. 644; Herring v. State, 242 Ala. 85, 5 So.2d 104. Clearly Mashburn's testimony fell within the above rule.

■ During his argument to the jury counsel for the State remarked: "Gentlemen of the jury, he didn't care. He had put another notch on his gun." The court sustained appellant's objection to this portion of the argument and instructed the jury that such argument was improper, was excluded and the jury was not to consider it

for any purpose. In our opinion any harm resulting to appellant's cause after the above action by the court was highly speculative and presents no reasonable cause for reversal. Williams v. State, 18 Ala.App. 83, 89 So. 97; Mandell v. State, 21 Ala.App. 404, 108 So. 635; Pruitt v. State, 22 Ala. App. 353, 115 So. 698.

Other questions were reserved for the consideration of this court. The trial court's action in every instance was so patently correct that we feel any discussion of these questions would merely be repetitions of legal principles already well settled.

In our opinion the record is free of error injuriously affecting the substantial rights of the appellant, and that the trial court correctly denied appellant's motion for a new trial.

Affirmed.