29 So.2d 359

## TRAVIS v. STATE.
### 6 Div. 343.

Court of Appeals of Alabama.
Feb. 25, 1947.

Edw. N. Hamil, of Birmingham, and Lipscomb & Brobston, of Bessemer, for appellant.

Wm. N. McQueen, Atty. Gen., and Geo. C. Wallace, Asst. Atty. Gen., for the State.

BRICKEN, Presiding Judge.

From a judgment of conviction for grand larceny, this appeal was taken.

The alleged stolen property consisted of an automobile, of the value of $600, the property of Daniel Ford.

There is no dispute in the evidence about the fact that the automobile in question was stolen on the night of September 1, 1945 (Saturday). Nor is there any dispute in the evidence that said car was stolen just a few minutes after it had been parked by the owner, and his brother-in-law, who left the keys in the car. The defendant testified in his own behalf and among other things said, on the day in question (September 1, 1945), and about one or two o'clock, he was eating in a cafe on 5th Avenue, Birmingham, and a soldier in uniform he had never seen before entered the cafe and sat down by him at the table, and they made themselves known to each other, and the soldier asked him if he knew any girls he could get to go out with them and stated he could get an automobile. They remained together practically from then until that night, and about 10:00 he stated, "we walked across the street and got the car (the one in question) and drove off and went to Pratt City, the soldier driving the car." They remained together in the car for several hours, and failing to get any girls to go with them he, the soldier, said he wanted to go back to his hotel. The defendant then drove the car for several hours and the gas gave out, whereupon he, the defendant, drove the car off of the highway, took the keys out of it, and left it where it was finally located by the officers who had been searching for it. The soldier, he stated, had checked out of the hotel, and could not be located. The car was found, where defendant had left it, on the following Tuesday, September 4, 1945. It was delivered to Mr. Daniel Ford, the owner, on that day. Appellant thereupon was arrested and at the time of his arrest, he had the keys of the car in his possession and upon demand of the arresting officer he delivered the keys to him.

From the facts above stated, and other facts and circumstances disclosed by the evidence of similar import, but one question only is presented; and that is, the intent of the defendant in committing the acts in connection with the larceny of the car, acts admitted by him when testifying in his own behalf. This question was for the determination of the jury. The general rule in this connection has been repeatedly announced and declared by the appellate courts of this State. The rule is to the effect that criminal intent necessarily follows from an unlawful act intentionally done. The law presumes that every person intends the natural, necessary, and probable consequences of his acts. Nix v. State, 27 Ala.App. 94, 166 So. 716. Or, as stated in the case of Williams v. State, 13 Ala. App. 133, 69 So. 376, 377: "It is elementary that when a person does an act legally wrong in itself, and the accomplished act is a crime, the law will presume the criminal intent from the act. * * * While proof of the intent to murder is an element of the burden of proof resting on the state, this intent is not susceptible of positive proof, but rests in inference to be drawn by the jury from all the evidence in the case."

In our case of Morris v. State, 17 Ala.App. 126, 82 So. 574, this court said: "The crime of 'larceny' is the felonious taking and carrying away of chattels, and every person who, with a guilty knowledge, aids, and abets in the taking and carrying away, is guilty of the larceny * * *."

Able and earnest counsel for appellant took the position that the State failed to make out its case under the required rules, and that the defendant was entitled to a directed verdict, and in this connection requested the affirmative charge in writing, which was refused by the court. We cannot accord to this insistence for in our opinion a jury question was presented, and therefore no error prevailed in this action of the court. Nor was there error in the action of the court in overruling and denying defendant's motion for a new trial, in which defendant's counsel presented practically the same insistence.

The record appears regular in all respects. No reversible error in any of the

court's rulings is apparent, therefore we perforce, must and do hold that the judgment of conviction from which this appeal was taken will stand affirmed.

Affirmed.