31 So.2d 667

**JOHNSON v. STATE.**

**6 Div. 417.**

Court of Appeals of Alabama.

May 20, 1947.

Rehearing Denied June 10, 1947.

K. C. Edwards, of Birmingham, for appellant.

A. A. Carmichael, Atty. Gen., and Bernard F. Sykes, Asst. Atty. Gen., for the State.

CARR, Judge.

The charges, upon which judgment of conviction is based, and the tendencies of the evidence taken at the trial below are accurately stated in the brief of the Assistant Attorney General. We quote:

"Defendant, a colored man, was indicted for burglary, grand larceny, and receiving stolen property. He was tried by a jury and convicted for receiving stolen property, and sentenced to twelve months hard labor for Jefferson County. The conviction was for a violation of Title 14, Section 338, Code of Alabama 1940, and the third count of the indictment is in Code form. Form 91, Title 15, Section 259, Code of Alabama 1940.

"The evidence introduced by the State tended to show that the home and office of the witness, J. E. Burch, was broken into on the Saturday afternoon of May 19, 1945. Further, that a pistol belonging to J. E. Burch was stolen from his home. Evidence for the State further tended to show that the defendant was seen at the home of J. E. Burch on the afternoon that the home was broken into, and had the same pistol that was stolen in his hand. The State's testimony also showed that the defendant took the pistol and pawned it to another negro.

"The defendant contended that he found the pistol lying on a rock near the house that was broken into, and that he knew that the pistol belonged to J. E. Burch, and that he took the pistol and gave it to his wife for safe-keeping."

The record is not voluminous. It presents very few questions for review.

It appears that the State's witness Cox approached the defendant while the latter was standing, with the stolen pistol in his hand, near the recently burglarized dwelling.

The point here for review is presented in the following manner: By solicitor—"Q. Tell Judge Wheeler and these gentlemen of the jury what conversation you had with this defendant up there at that time; what was said by both parties."

Objections were interposed on the stated grounds that the incident did not form a part of the res gestæ and no proper predicate had been laid to determine whether or not it was voluntarily made. The objections were overruled and an exception reserved. The answer followed—"A. When I first walked up there he said 'Any damn son-of-a-bitch leaving a gun laying down here like this,—I am going to get it and carry it home.' I said 'No you ain't; that's Uncle Jim's gun.'"

The evidence discloses that the owner of the pistol was called "Uncle Jim" by some of his associates.

Over timely objections by appellant's counsel, the witness Cox was permitted to state also that at the time the accused was drunk.

According to the evidence, the dwelling had been burglarized just a short period of time prior to the incident related. The defendant was standing near by, with the alleged stolen property in his hand, when the conversation occurred. Clearly, what the defendant there said and his condition as to sobriety formed a part of the res gestæ. Our position is strengthened by reason of the fact that receiving and concealing the stolen pistol was included in the indictment. Leverett v. State, 18 Ala. App. 578, 93 So. 347; Wilkerson v. State, 24 Ala.App. 53, 129 So. 720; Towns v. State, Ala.App., 27 So.2d 235; McGehee v. State, 171 Ala. 19, 55 So. 159.

The defendant excepted to the following part of the court's oral charge: "The defendant is guilty and should be convicted if the jury is convinced beyond a reasonable doubt that the defendant knew or had reasonable grounds for believing that it was stolen, and that he received it, if he received it, with such knowledge."

The exceptions were based on the ground that the court failed to include the terms— "buying, receiving, concealing or aiding in the concealment, and converting it to his own use."

■ The trial judge thereupon made further explanation of the necessary elements of the offense. This added statement and the oral charge taken as a whole can leave no doubt that the jury was fully and comprehensively instructed on all matters pertinent and essential to the charges set out in the indictment.

■ When the appellate courts are required to review an exception to a portion of the trial judge's oral charge, the decision of the question must be made upon the basis of a consideration of the charge in its entirety. Hart v. State, 28 Ala.App. 545, 190 So. 95; Lyles v. State, 23 Ala.App. 135, 122 So. 611; Hope v. State, 21 Ala. App. 491, 109 So. 521; Holladay v. State, 20 Ala.App. 76, 101 So. 86.

■ The only refused written instruction was the general affirmative charge in appellant's behalf. The propriety of the refusal of this charge is clearly illustrated by the tendencies of the evidence which we have hereinabove indicated. . Fulton v. State, 8 Ala.App. 257, 62 So. 959; Jordan v. State, 17 Ala.App. 575, 87 So. 433; Tyler v. State, 17 Ala.App. 495, 86 So. 93; Wiggins v. State, 31 Ala.App. 50, 12 So.2d 756.

■ It is equally conclusive that we are not authorized to disturb the judgment of the primary court in his action in denying the motion for a new trial on the ground that the verdict of the jury is against the great preponderance of the evidence. Wilson v. State, 30 Ala.App. 126, 3 So.2d 136; Travis v. State, 32 Ala.App. 637, 29 So.2d 359.

■ A ground is posed in the motion for a new trial that the undisputed evidence establishes the fact that the pistol in question was reasonably worth $37.50 and the jury, by its verdict, assessed its value at $21.50. Aside from any other examination of the matter, unquestionably the accused was not injured by this finding, but on the contrary was materially benefited. The result was that the sentence imposed on the verdict was for petit larceny and not grand larceny, as would have been required had the jury found the valuation of the stolen property to be in the amount fixed by the State's witness. Middleton v. State, 27 Ala.App. 564, 176 So. 613; Booker v. State, 151 Ala. 97, 44 So. 56.

We have endeavored to carefully study all questions presented by this record. It is our conclusion that the judgment of the primary court should be affirmed. It is so ordered.

Affirmed.

## On Rehearing

On original submission of this cause, counsel for appellant did not file a brief. On application for rehearing, it is insisted that we omitted to treat some questions that should have had our attention.

We have re-examined the record and also our original opinion. There is one additional matter that, perhaps, we should have discussed.

While the accused was testifying in his own behalf, he stated that up to 12 or 1 o'clock the day of the alleged burglary he worked for Mr. Bohorfoush and that his duties consisted of loading trucks. He denied, on cross-examination, that he was drunk during any of this time.

■ Over timely objections of the appellant's counsel, the State was allowed to elicit from a Mr. Myers that the defendant came by Mr. Dickey's mine between 10 and 11 o'clock a. m. on the day the house was burglarized and there engaged in a conversation with Mr. Dickey and at this time the defendant was drunk. The position is posed that this was an effort to contradict the appellant on an immaterial inquiry.

It appears logical to us that the State was privileged to establish this proof. It is consonant with reason and common knowledge that, if the accused was in fact drunk during the forenoon in question, the jury could infer therefrom that he was not loading cars, as he claimed.

Application for rehearing overruled.