Charles M. Stonoker was indicted by the grand jury for assault with intent to murder. The jury found the appellant "guilty as charged in the indictment," and the trial court set sentence at one year in the penitentiary and two years on probation. From that judgment and sentence, the appellant prosecutes this appeal.
At trial the witnesses for the State testified that an altercation occurred between appellant and Bobby Barefoot at Jimmy's Marina in Montgomery County on October 26, 1978. Jimmy's Marina was at that time a combination saloon and bait shop and was operated by Bobby Barefoot on the date in question.
Although the testimony was conflicting regarding the cause of the altercation, the evidence was undisputed that appellant shot Bobby Barefoot in the chest and the shoulder with a .38 caliber pistol. Since Barefoot was also armed with a pistol at the time of the altercation, a jury question was presented as to whether appellant was acting in self-defense.
 I
Appellant testified in his own defense at trial. On cross-examination the following occurred (R. pp. 85-86):
"A. He said, `They are fixing to fight.'
"Q. Up there at the bar?
"A. Right.
"Q. So, you went straight to the bar?
 "A. Before I went to the bar three of them went outside. And I presume to fight. I don't know. I don't know what they were saying to each other.
 "Q. Mr. Stonaker, you ever been convicted of a crime involving moral turpitude?
"MR. SMITH: Objection to the form of the question.
"THE COURT: I sustain.
 "Q. You have been convicted in the past, haven't you, Mr. Stonaker?
 "MR. SMITH: Objection. Again, not a proper predicate being laid. *Page 344 
"THE COURT: Lay you some time in there.
"MR. CHANDLER: Yes, sir.
 "Q. Prior to the time that this occurred, Mr. Stonaker, and prior to the time that you went in that place out there armed with a pistol, have you been, in fact, convicted of a felony in the State of Alabama?
 "MR. SMITH: Again, Your Honor, we object. Not proper predicate being laid.
"MR. CHANDLER: Your Honor . .
"THE COURT: Overruled.
"THE WITNESS: Can I answer?
"THE COURT: Yes, sir.
"THE WITNESS: 1968.
"Q. And, what was that?
"A. Burglary and grand larceny.
"Q. Did you subsequently get out of the penitentiary?
"A. Got out in March, 1970.
 "Q. Did you know there was a prohibition against an ex-felon carrying a pistol?
"A. I do."
Appellant contends on appeal that the trial court erred in allowing the prosecutor to question him about his prior felony convictions.
It is well settled that an opponent can impeach his adversary's witness by proving a prior conviction of a crime involving moral turpitude. § 12-21-162, Code of Alabama 1975;White v. State, Ala.Cr.App., 347 So.2d 566 (1977); West'sAlabama Digest, Witnesses, No. 345 (1); Daniels v. State, Ala.Cr.App., 375 So.2d 523 (1979).
 "The most common manner of eliciting a witness' former conviction for a crime involving moral turpitude, as a means of impeaching his credibility, is to question him on cross-examination regarding such conviction . . . .
 "While there is no prescribed form for the question which is asked to elicit a conviction for impeachment purposes, there have been judicially declared guidelines for such a question. For example, the question must be structured in such a way as to exclude any reasonable supposition that the witness is being called upon to answer concerning his conviction for an offense which does not involve moral turpitude. In addition, the question must be specific to the point of naming the crime for the conviction of which the witness is being impeached. The question: `Have you ever been convicted of a crime involving moral turpitude? is insufficient and improper because an answer to such a question would involve the witness' judgment as to what offenses involve moral turpitude." [Footnotes omitted.]
 Gamble, McElroy's Alabama Evidence § 145.01 (8) (3d ed. 1977).
Likewise, the question: "Have you ever been convicted of a felony," is insufficient and improper because, while most felonies involve moral turpitude, there are some felonies which do not. Lyles v. State, 23 Ala. App. 135, 122 So. 611 (1929). See Gamble, supra, at § 145.01 (9) and (10), for a list of crimes which do and do not involve moral turpitude.
Thus, in the present case the trial court erred in overruling defense counsel's objection to the district attorney's question about appellant's prior felony convictions. Authorities herein cited.
In order for this Court to reverse the judgment of the trial court, however, the appellant must not only show error but must also show that such error probably injuriously affected his substantial rights. Rule 45 of the Alabama Rules of AppellateProcedure; Kennedy v. State, 291 Ala. 62, 277 So.2d 878 (1973);Kabase v. State, 244 Ala. 182, 12 So.2d 766 (1943).
Such was not done in the instant case. Appellant was asked whether he had been convicted of a felony and he immediately admitted that he had been convicted of burglary and grand larceny. Although the form of the question propounded to the appellant was improper the evidence elicited thereby was not, i.e., both burglary and grand larceny are crimes involving moral turpitude. Matthews v. State, 51 Ala. App. 417,286 So.2d 91 (1973). Since the evidence *Page 345 
elicited by the district attorney's question was proper, no prejudicial injury occurred to appellant's rights. Therefore, we cannot reverse the judgment of the trial court. Meriwetherv. Crown Inv. Corp., 289 Ala. 504, 268 So.2d 780 (1972), and authorities herein cited.
This record is free of error. This case is hereby
AFFIRMED.
All the Judges concur.