**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Barry Jay ANTILL, Defendant-Appellant.**

**No. 79–5571
Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

April 14, 1980.

George W. Cameron, Jr., (court-appointed), Montgomery, Ala., for defendant-appellant.

Barry E. Teague, U. S. Atty., David L. Allred, Asst. U. S. Atty., Montgomery, Ala., for plaintiff-appellee.

Before CHARLES CLARK, VANCE and SAM D. JOHNSON, Circuit Judges.

PER CURIAM:

Barry Jay Antill was tried and convicted for the June 24, 1977, armed robbery of the Union Bank & Trust Company in Montgomery, Alabama. He appeals his convictions,[1] contending that the district court erred in denying his pre-trial motion to suppress. We affirm.

On November 29, 1977, agents of the Federal Bureau of Investigation arrested Antill in Bend, Oregon, for firearms offenses unrelated to the June 24, 1977, bank robbery. On January 17, 1978, Special Agent Stanley R. Renning obtained a search warrant for Antill's residence in Bend, Oregon. The warrant specified the objects of the search to be

hand guns, shotguns and rifles, including one .22 caliber revolver, one 30.06 rifle,

---

* Fed.R.App.P. 34(a); 5th Cir. R. 18.

1. Antill was charged and convicted of two counts of bank robbery under 18 U.S.C. § 2113(a) & (d). He received a sentence of twenty-five years imprisonment on the § 2113(d) conviction.

one shotgun, one .38 caliber revolver, one semi-automatic rifle, holsters, ammunition, records and documents of purchases of guns and ammunition, that are evidence and instrumentalities of the crimes of Unlawful Possession or Receipt of a Firearm, a violation of Title 18, U.S.C., App. Section 1202(a), and the State Firearms Control Assistance Act, a violation of Title 18, U.S.C., Sections 922(A)(6), 922(G) and 922(H).

While executing this search warrant, Special Agent Loran Lindsey discovered a handcuff key in a drawer in the bathroom of Antill's residence. Agent Lindsey seized the key.

The agents subsequently discovered that the seized key fit the handcuffs used in the June 24, 1977, robbery of the Union Bank & Trust Company. The district court denied Antill's pre-trial motion to suppress and the prosecution introduced the key as evidence at Antill's trial.

Antill notes that information obtained from a routine post-arrest identification conducted prior to the application for and execution of the search warrant linked him to several bank robberies in the mid-South in which a lone gunman entered the bank in the early morning and, after assembling the bank employees in the vault area, handcuffed each employee individually. He reasons that an agent in possession of such information reasonably could foresee the discovery of evidence relating to those robberies during the execution of the January 17, 1978, search warrant. He concludes that Agent Lindsey's discovery of the handcuff key was not inadvertent within the meaning of the plain view exception to the warrant requirement.

█ A law enforcement officer may seize an item in plain view without a warrant if the officer (1) has an independent and legally sufficient justification for being in the position from which he can view the item,

(2) immediately recognizes the item as evidence, and (3) discovers the evidence inadvertently. *Coolidge v. New Hampshire,* 403 U.S. 443, 465–73, 91 S.Ct. 2022, 2037–43, 29 L.Ed.2d 564, 582–87 (1971); *United States v. Diecidue,* 603 F.2d 535, 559 (5th Cir. 1979); *United States v. Duckett,* 583 F.2d 1309, 1313 (5th Cir. 1978).

Antill does not dispute that the first two prongs of the test are met in this case. His sole contention is that the inadvertence requirement of the plain view exception to the warrant requirement is not met because the special agents executing the January 17, 1978, search warrant reasonably could foresee the discovery of evidence related to the bank robberies. Antill's argument is without merit.

█ This case does not present a situation in which an agent maneuvered himself into a position to discover and seize evidence he knew to exist. The inadvertence requirement announced in *Coolidge* proscribes the anticipated discovery of evidence where law enforcement officers know in advance the location of the evidence and intend to seize it.[2] *Coolidge v. New Hampshire,* 403 U.S. at 470, 91 S.Ct. at 2040, 29 L.Ed.2d 564 at 585. The requirement that seizure of evidence in plain view result from an inadvertent discovery does not proscribe the seizure in this case because the discovery of the handcuff key, although perhaps within the realm of foreseeable possibilities, was unplanned and inadvertent. *See United States v. Bolts,* 558 F.2d 316, 320 (5th Cir.), *cert. denied,* 434 U.S. 930, 98 S.Ct. 417, 54 L.Ed.2d 290 (1977) *and* 439 U.S. 898, 99 S.Ct. 262, 58 L.Ed.2d 246 (1978). *See also United States v. Worthington,* 544 F.2d 1275, 1280 n.4 (5th Cir. 1977), *cert. denied,* 434 U.S. 817, 98 S.Ct. 55, 54 L.Ed.2d 72 (1978); *United States v. Cushnie,* 488 F.2d 81, 82 (5th Cir. 1973), *cert. denied,* 419 U.S. 968, 95 S.Ct. 233, 42 L.Ed.2d 184 (1974).

AFFIRMED.

---

2. Justice Stewart, in the opinion of the Court in *Coolidge,* states that "[i]f the initial intrusion is bottomed upon a warrant that fails to mention a particular object, though the police know its location and intend to seize it, then there is a violation of the express constitutional requirement of 'Warrants * * * particularly describing * * * [the] things to be seized.'" 403 U.S. at 471, 91 S.Ct. at 2040, 29 L.Ed.2d at 586.