Appellant, Charles Michael Harbor, was indicted by the August, 1982 term of the Marion County Grand Jury for illegal possession of drugs, in violation of the provisions of the Alabama Uniform Controlled Substances Act, § 20-2-70, Code of Alabama (1975). On March 31, 1983, he was found guilty, and on May 20, 1983, he was sentenced to fifteen years' imprisonment in the state penitentiary.
Danny Ballard, a police officer with the Hamilton Police Department, proceeded to the scene of an accident in response to a call received at 11:00 p.m., March 19, 1982. On his arrival he found an orange Corvette, which he recognized as belonging to appellant, wrecked, in a single-car accident. Paul Wiginton, who had been driving the Corvette, was standing by the wrecked car in an intoxicated condition. Ballard saw appellant some ten yards away from the car standing with some other people, but later, after the traffic jam was cleared up and the officers on the scene looked for appellant, he was gone.
During the course of his investigation of the accident, Ballard walked to the passenger's side of the car and looked inside. He saw a small plastic envelope containing pills, which from past experience he believed to be contraband. After directing Officer Dobbs's attention to the bag, he removed it from the car. He returned to police headquarters and placed the bag, containing twenty-seven pills, in a brown envelope, wrote his initials and the names of Harbor and Wiginton on the flap, and placed the pills in the evidence locker. He asked his relief officer, Kenneth Lolley, to be sure that the pills were sent to the lab on the following Monday.
Police Officer Donnie Dobbs testified that he saw appellant at the scene of the accident when he first arrived there, but that appellant had gone by the time the traffic jam was cleared up. Officer Ballard pointed out the plastic bag containing the pills, but Dobbs could only see the bag, and not its contents, from where he was standing.
Officer Kenneth Lolley testified that Ballard showed him a sealed envelope in the police evidence locker and instructed him to make sure that Kathy Ballard, clerk for the police department, sent it to the lab. The following Monday he and Mrs. Ballard went to the locker, she opened the envelope, sealed the contents up in a second envelope and sent it to the lab.
Ms. Ballard testified that she mailed the pills by certified mail, but did not recall which officer gave them to her to mail.
Officer Tommy Wooten testified that he picked up the pills from the lab in Florence and returned them to the evidence locker in Hamilton City Hall, where they remained until trial.
Joseph Gary Wallace, toxicologist for the Department of Forensic Sciences, testified that he analyzed the contents of the envelope sent from the Hamilton Police Department. The analysis revealed the presence *Page 458 
of dextropropoxythene, a controlled substance known also as Darvon.
Paul A. Wiginton testified that he and appellant had been drinking heavily on the night of the accident. The two men had been to a party at the Holiday Inn and had left about 11:00 p.m. with Wiginton driving appellant's car. He remembered appellant getting out of the car after the accident, but did not remember anything after that. He denied knowing that the pills were in the car and stated that they were not his. During the time they were at the Holiday Inn he had gone to the car to get some tapes and left the passenger's side of the car unlocked.
Appellant testified that the pills were not his and that he did not know why they were in his car. He stated that he left the scene of the accident with his brother, who happened to drive by, in order to find a wrecker to move his car. He stated that the police were just pulling into sight when his brother came by and took him away.
Appellant raises a number of issues on appeal. Initially, he contends that the trial court erred in its denial of his motion to exclude the evidence seized from his car. He maintains that such evidence was obtained in an unconstitutional search and seizure.
The United States Supreme Court, in Harris v. United States,390 U.S. 234, 236, 88 S.Ct. 992, 993, 19 L.Ed.2d 1067 (1968), held the following: "It has long been settled that objects falling in the plain view of an officer who has a right to be in the position to have that view are subject to seizure and may be introduced in evidence." (Citations omitted.) Furthermore, to see that which is patent and obvious is not a search. Segers v. State, 283 Ala. 694, 220 So.2d 882 (1969);Dickerson v. State, 43 Ala. App. 694, 200 So.2d 487, cert. denied, 281 Ala. 718, 200 So.2d 492, cert. denied,389 U.S. 994, 88 S.Ct. 496, 19 L.Ed.2d 489 (1967). In explication of the plain view doctrine, the court in United States v. Antill,615 F.2d 648, 649 (5th Cir. 1980), stated the following: "A law enforcement officer may seize an item in plain view without a warrant if the officer (1) has an independent and legally sufficient justification for being in the position from which he can view the item, (2) immediately recognizes the item as evidence, and (3) discovers the evidence inadvertently." (Citations omitted.)
Appellant disputes only the second requirement of seizure under the plain view doctrine. He maintains that the pills were not visible until they were removed from the car, and that before their removal, Officer Ballard only saw the top of the plastic bag. Officer Ballard's testimony, however, was clear. He stated that he saw the bag and its contents, and that believing the pills to be contraband he seized them. Officer Dobbs stated that he could not see the pills from where he was standing outside the car, but this was not a contradiction of Officer Ballard's testimony concerning what he saw. Thus, Officer Ballard's testimony was uncontradicted at trial and the seizure of the evidence was clearly within the plain view exception to the warrant requirement.
Appellant contends that the indictment against him was defective because it named the brand name of the drug rather than the chemical name dextropropoxythene. This contention is without merit, since toxicologist Joseph Wallace testified that Darvon and dextropropxythene are one and the same drug. Cf.Parks v. State, 46 Ala. App. 722, 248 So.2d 761 (1971). (The indictment was not defective where defendant was not shown to possess the exact quantity of drugs alleged, but was shown to have committed substantially the same offense charged in the indictment.)
Appellant contends that the trial court should have granted a mistrial when the prosecutor asked him, "Well, you have some expertise in drugs; don't you?" implying involvement by defendant with illegal drugs. Appellant's counsel objected to the question, the trial court sustained and immediately instructed the jury to disregard the question. *Page 459 
The grant or denial of a motion for mistrial is a matter within the sound discretion of the trial court and the trial court's ruling will not be disturbed on appeal absent a showing of manifest abuse. Durden v. State, 394 So.2d 967 (Ala.Cr.App. 1980), cert. denied, 394 So.2d 977 (Ala. 1981); Shadle v.State, 280 Ala. 379, 194 So.2d 538 (1967); § 12-16-233, Alabama Code (1975). In Borden v. State, 337 So.2d 1388 (Ala.Cr.App. 1976), this court held that where a trial judge sustained an objection and properly instructed the jury to disregard the matter, such action was not erroneous unless the matter was of such a nature that it created ineradicable bias or prejudice. In addition, it is axiomatic that the trial judge is in a better position than an appellate court to determine whether remarks were so prejudicial as to be ineradicable. Favor v.State, 389 So.2d 556 (Ala.Cr.App. 1980) Chambers v. State,382 So.2d 632 (Ala.Cr.App.), cert. denied, 382 So.2d 636 (Ala. 1980).
The trial court in the case before us acted properly in sustaining counsel's objection and in giving immediate instructions to the jury regarding the prosecutor's question. We find no ineradicable prejudice to appellant and no abuse of discretion by the trial court.
Appellant argues in brief that the trial court's instruction to the jury regarding constructive possession was defective, and that ten of his requested charges refused by the trial court should have been given.
Insofar as the ten refused charges are concerned, this issue was not properly preserved for review. Defendant must object specifically to each of the charges refused, Curtis v. State,424 So.2d 679 (Ala.Cr.App. 1982), and the grounds assigned must be specific. Rowe v. State, 421 So.2d 1352 (Ala.Cr.App.), cert. denied (1982). Appellant's general objection to the court's refusal of charges numbered one through nineteen was not sufficient.
Appellant also argues that the trial court relayed to the jury, through an illustration using a ballpoint pen, the erroneous concept that the ability to exercise control is an element of constructive possession, as opposed to the intent to exercise dominion and control. Appellant did not object to the use of the pen at trial and he cites no law in support of his argument. We find no error in the trial court's jury instruction when considered as a whole, as it must be. VanAntwerp v. State, 358 So.2d 782 (Ala.Cr.App.), cert. denied,358 So.2d 791 (Ala. 1978); Johnson v. State, 33 Ala. App. 159,31 So.2d 667, cert. denied, 249 Ala. 433, 31 So.2d 670 (1947).
Appellant argues that the trial court erred in considering hearsay evidence at appellant's sentencing hearing regarding appellant's reputation for involvement in the use and sale of illegal drugs. Such involvement by appellant was not, however, entirely supposed on the basis of hearsay, since he had a prior conviction for possession of marijuana. In any event, we find no error by the trial court in receiving evidence clearly permitted by A.R.Crim.P.Temp. 6, which provides in pertinent part: ". . . Any evidence that the court deems to have probative value may be received, regardless of its admissibility under the rules of evidence. The pre-sentence report, if submitted, shall be considered as part of the evidence."
Appellant contends that the identification and continuity of possession of the pills introduced into evidence against him were not sufficiently established at trial to provide assurance of their authenticity. Based upon the evidence in this regard adduced at trial and set out above, we find that the chain of custody was sufficiently established, laying a proper predicate for the admission of the pills into evidence.
Appellant complains of the severity of his fifteen-year sentence but does not allege that the sentence is outside statutory limits, and this court has no jurisdiction to review sentences within statutorily prescribed limits. Wallace v.State, 408 So.2d 171 (Ala.Cr.App. 1981), cert. denied,408 So.2d 173 (Ala. 1982); Moore v. State, 54 Ala. App. 463,309 So.2d 500 (1975). *Page 460 
Lastly, appellant argues that the State's evidence was insufficient to support a conviction. In support of his argument he summarizes the issues raised on appeal. We have addressed these issues, and in addition, we have carefully searched the record for errors prejudicial to the substantial rights of appellant and have found none. The judgment of conviction is affirmed.
AFFIRMED.
All the Judges concur.