**UNITED STATES of America,**
**Plaintiff-Appellee,**

**v.**

**Kenneth David CUSHNIE, Defendant-**
**Appellant.**

**No. 73–1902**

**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

Dec. 11, 1973.

Roger W. Jordan, Metairie, La. (Court-appointed), for defendant-appellant.

Gerald J. Gallinghouse, U. S. Atty., Stephen A. Mayo, Asst. U. S. Atty., New Orleans, La., for plaintiff-appellee.

Before THORNBERRY, GOLDBERG and RONEY, Circuit Judges.

PER CURIAM:

Defendant appeals from his conviction for possession of marijuana with intent to distribute, a violation of 21 U. S.C. § 841(a)(1). There is only one issue raised on appeal, as indeed there has

---

* Rule 18, 5 Cir.; *see* Isbell Enterprises, Inc. v. Citizens Casualty Company of New York, 5 Cir. 1970, 431 F.2d 409, Part I.

been only one issue in the case from its inception. Defendant contends that the marijuana introduced into evidence at the trial was seized in violation of the Fourth Amendment, and that the trial court should, therefore, have granted the motion to suppress. Finding that the evidence was in plain view of the officers at the time they lawfully arrested defendant, we affirm the action of the court below.

Defendant attempts to characterize the question as one involving an initial illegal search and subsequent arrest. However, the record clearly reveals that agents of the New Orleans Police and the United States Customs Patrol proceeded to defendant's hotel and entered his room for the purpose of making an arrest on the basis of probable cause, approaching a certainty, for the belief that felonies under state and federal law had been and were being committed.[1] Though warrantless, the entry for the arrest was amply justified by the exigencies of the moment, which included clear indications that defendant was preparing to flee. Once inside the room, the agents observed an open suitcase full of marijuana.

 The plain view doctrine validating warrantless seizures requires that the discovery be made inadvertently by officers legitimately on the premises. Coolidge v. New Hampshire, 1971, 403 U.S. 443, 466, 91 S.Ct. 2022, 29 L.Ed.2d 564. It might be argued here that, by the very nature of the suspected crimes, the narcotics agents expected to locate marijuana in the room, and that this expectation destroyed the necessary inadvertence. However, where, as in this case, the original entry is clearly for the purpose of making an arrest, the need for immediate apprehension makes application for an accompanying warrant impractical, and the item seized is easily

destroyed contraband, the expectation that such evidence will be discovered does not preclude operation of the plain view exception to the warrant requirement. Coolidge v. New Hampshire, supra, at 472 & n. 28, 91 S.Ct. 2022; Ker v. California, 1963, 374 U.S. 23, 42–43, 83 S.Ct. 1623, 10 L.Ed.2d 726.

Affirmed.

---

1. The agents had been informed by a New Orleans cab driver that a suitcase picked up by defendant and two companions at the Galvez Street Wharf had leaked a certain brown grasslike substance onto the back seat while defendant was removing the valise from the cab. Police inspection revealed that the substance was marijuana. On approaching the suspect's hotel room, the agents were met by the strong aroma of marijuana.