**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Raphel Felo DELGADO, Jorge F. Bustillo, Jose Guevara, Rugelio Silva, Silvio Castro and Jesus A. Hernandez, Defendants-Appellants.**

No. 79–5409

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

April 9, 1980.

Rehearing Denied June 17, 1980.

---

* Fed.R.App.P. 34(a); 5th Cir. R. 18.

James A. McPherson, New Orleans, La., for Delgado and Bustillo.

Edward M. Baldwin, New Orleans, La., for Guevara and Silva.

Robert J. Zibilich, New Orleans, La., for Castro.

Ralph L. Barnett, Gretna, La., for Hernandez.

John Volz, U. S. Atty., Earl N. Vaughan, Robert J. Boitmann, Asst. U. S. Attys., New Orleans, for the U. S.

Before RONEY, KRAVITCH and TATE, Circuit Judges.

PER CURIAM:

Defendants were convicted of possession of marijuana with intent to distribute and conspiracy, 21 U.S.C.A. §§ 841(a)(1), 846. Their major contention on appeal is that evidence of the warrantless seizure of several thousand pounds of marijuana was wrongfully admitted. Some defendants contend there was insufficient evidence to sustain their convictions. Finding these arguments to be without merit, we affirm the convictions.

A sketchy review of the facts is sufficient to set the scene for the search and seizure issue. In December 1978, Drug Enforcement Administration (DEA) officers received information from a confidential informant that a group of people would be importing 50,000 pounds of marijuana into New Orleans from South America, and they could be found at a residence on Elysian Fields Avenue in New Orleans. The location was placed under surveillance by both Customs agents and agents of the DEA.

On the night of January 15, 1979, DEA and Customs officials saw a yellow boat, previously observed at the residence, returning from the Mississippi River Gulf Outlet, which is directly connected to the Gulf of Mexico. The boat was heavily laden and riding low in the water. The boat pulled into a marina where several vehicles that had also been observed at the residence were parked. These vehicles included a silver pickup with a camper top and a red pickup pulling a boat trailer. A number of people were observed off-loading bales of what appeared to be marijuana from the boat into the silver pickup truck. The truck then proceeded to a warehouse on Paris Road, where the bales were unloaded. This procedure was repeated two more times

that night. Another rental van was also observed leaving the warehouse. As the door was opened to allow these trucks in and out, one of the Customs officers was able to see several bales of marijuana inside the well-lighted warehouse.

After the last load, several officers met to discuss strategy, leaving Customs officers to watch the warehouse and marina. Before they could agree on a plan, the Customs officers at the warehouse reported the silver pickup was leaving. The Customs officers and the others stopped the vehicle less than 100 yards from the warehouse, and the occupants, defendants Hernandez, Guevara and Silva, were arrested. Because of the noise of the arrest and the presence of a CB radio in the truck, and because the warehouse had been left unwatched during the arrest, the officers ran back to the warehouse to prevent the escape of other suspects they believed were still inside. Small lights in the office area were on but the building was otherwise dark. The rear door, through which the pickup had driven, was open slightly at the bottom. After the building was surrounded, one of the Customs officers opened the door and a police dog and its handler were sent in to search for other suspects. None were found but the bales of marijuana in the warehouse were seized.

The district court correctly held the evidence seized in the warehouse was not the fruit of an illegal search. In *United States v. Diezel*, 608 F.2d 204 (5th Cir. 1979), this Court held that Customs officials have the power, under 26 U.S.C.A. § 7607, to make arrests when violations of drug and marijuana laws are committed in their presence or where there are reasonable grounds to suspect a violation. In *Diezel*, Customs agents had received information that an illegal off-loading of marijuana would occur in Key West. The pier was kept under surveillance. Bales were observed being unloaded from a vessel into motor vehicles. The vehicles were stopped and the occupants arrested. When other persons ran into a nearby warehouse, Customs agents followed them there and arrested them. The arrests were held to be legal.

The Customs agents here were authorized to arrest the occupants of the truck leaving the warehouse and to enter the warehouse to arrest other suspects they reasonably believed to be present. A number of people were involved in the operation, in the middle of the night, and a number had gone and come at the warehouse. The door was partially open. A few lights were on in parts of the building. The fact that suspects were not found does not vitiate the reasonableness of the officers' entry.

*Vale v. Louisiana*, 399 U.S. 30, 90 S.Ct. 1969, 26 L.Ed.2d 409 (1970), relied on by defendants, is inapposite. That case held that an arrest on the street outside the house does not justify a warrantless search of the house. The entry into the warehouse is not justified on the ground that an arrest was made nearby. The entry was proper because the agents had probable cause to arrest the participants in the operation and reasonable grounds to believe that some of them were in the warehouse.

■ Having legally entered the warehouse for the purpose of apprehending additional suspects, the Customs officers could seize the bales of marijuana that were then in plain view.

. It has long been settled that objects falling in the plain view of an officer who has a right to be in the position to have that view are subject to seizure and may be introduced in evidence.

*Harris v. United States*, 390 U.S. 234, 236, 88 S.Ct. 992, 993, 19 L.Ed.2d 1067 (1968).

Defendants argue that since the agents knew marijuana was in the warehouse, it was not discovered inadvertently and therefore may not come in under the plain view doctrine, citing *Coolidge v. New Hampshire*, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1970). The "inadvertent discovery" requirement in *Coolidge* does not prohibit the admission of the evidence here. *Coolidge* was "not a case involving contraband or stolen goods or objects dangerous in themselves." *Id.* at 472, 91 S.Ct. at 2041. The seizure here was of contraband. The *Coolidge* opinion cites *Ker v. California*, 374

U.S. 23, 83 S.Ct. 1623, 10 L.Ed.2d 726 (1963), as the proper test for determining the validity of the seizure of contraband. The Court held in *Ker* that, while an arrest may not be used merely as a pretext for a search without a warrant, the seizure of marijuana in plain view is proper when the entry is based on constitutionally permissible grounds and when the purpose for the entry is to arrest the suspect. *Id.* at 42–43, 83 S.Ct. at 1634–1635. Here the district court specifically found that the officers entered the warehouse to arrest additional suspects and not to search for and seize the marijuana.

Our cases fully support the refusal to suppress evidence of contraband under such circumstances. *United States v. Worthington*, 544 F.2d 1275, 1280 (5th Cir.), *cert. denied*, 434 U.S. 817, 98 S.Ct. 55, 54 L.Ed.2d 72 (1977); *United States v. Cushnie*, 488 F.2d 81 (5th Cir. 1973), *cert. denied*, 419 U.S. 968, 95 S.Ct. 233, 42 L.Ed.2d 184 (1974). *See also United States v. Bolts*, 558 F.2d 316 (5th Cir.), *cert. denied sub nom. Hicks v. United States*, 434 U.S. 930, 98 S.Ct. 417, 54 L.Ed.2d 290 (1977).

Delgado and Bustillo argue there was insufficient evidence to connect them with the conspiracy. After the third load, the boat was observed by a surveillance aircraft and Customs agents at the marina to make one more run to the area where a 65-foot shrimper was seized the next day. Shortly after the boat returned to the marina, the red pickup with a boat trailer attached was seen driving away. It was followed, stopped, and its occupants, defendants Delgado and Bustillo, were arrested. At the time of their arrest they were wet and had gleanings of marijuana on their clothing and they smelled of marijuana. Evidence of such activity in a remote area in the middle of the night is clearly sufficient to support the verdict of the district court as to Delgado and Bustillo.

AFFIRMED.