**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Maurice GORMAN, Defendant-Appellant.**

No. 80–5363
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.
Unit B

Feb. 17, 1981.

See also, D.C., 484 F.Supp. 529.

R. Jerome Sanford, Miami, Fla., for defendant-appellant.

Atlee W. Wampler, III, U. S. Atty., James D. McMaster, Asst. U. S. Atty., Miami, Fla., for plaintiff-appellee.

Appeal from the United States District Court for the Southern District of Florida.

Before RONEY, FRANK M. JOHNSON, Jr. and HENDERSON, Circuit Judges.

PER CURIAM:

Convicted of possession of cocaine with intent to distribute, defendant challenges the warrantless search of his carry-on bag at an airport preboarding security checkpoint. We affirm.

At the Miami International Airport, defendant approached a preboarding security checkpoint, placed his carry-on shoulder bag on the conveyor belt for security x-ray and proceeded through the magnetometer. A private security officer operating the x-ray machine observed suspicious images on the viewing screen which he thought might be knives or letter openers bunched together. He ordered a second security employee to search the bag. During the search, a detective of the Miami Drug Courier Intercept Unit positioned himself so that he could observe the items being removed from defendant's bag. The security employee had difficulty removing a pair of pants, which she testified appeared to have something heavy inside. The detective assisted her by holding the bag in place, and as she lifted the pants out, two plastic bags containing cocaine fell from the legs and into the bottom of the bag. The detective immediately placed defendant under arrest and seized the shoulder bag and its contents.

Following an evidentiary hearing on defendant's motion to suppress, the district court, 484 F.Supp. 529, ruled (1) the search by private security officers was sufficiently impregnated with governmental purpose to bring it within the scope of the Fourth Amendment; (2) the search was reasonable and not pretextual; and (3) the cocaine was properly seized under the "plain view" doctrine.

Although the Government argues the court's finding of governmental action was erroneous, it is not necessary to decide that issue because the search of defendant's bag was reasonable under Fourth Amendment standards. The validity of airport preboarding security searches, even on the basis of "mere and unsupported suspicion," has been recognized in numerous cases. *E. g., United States v. Skipwith*, 482 F.2d 1272, 1276 (5th Cir. 1973); *United States v. Cyzewski*, 484 F.2d 509, 512 (5th Cir. 1973). Of course, the reasonableness of routine preboarding searches is based on the need to thwart air piracy and protect passengers and crew, and the screening program may not be turned into a vehicle for warrantless searches for evidence of other crimes. *See United States v. Skipwith*, 482 F.2d 1272.

In this case, the district court found that the search was not pretextual but was based solely on the reasonable belief that defendant's bag might contain dangerous objects which passengers are not permitted to carry on board. The district court's finding was not clearly erroneous. *See United States v. Duckett*, 583 F.2d 1309, 1313 (5th Cir. 1978). Moreover, the failure to discover any weapons or objects upon which the suspicion was based does not render the otherwise reasonable search unreasonable. The Supreme Court has stated that the legality of a search is not to be based on what is found, but "is good or bad when it starts and does not change character from its success." *United States v. Di Re*, 332 U.S. 581, 595, 68 S.Ct. 222, 228, 92 L.Ed. 210 (1948). Similarly, this Court has said:

> [i]n reaching our decision [that the seizure was lawful] we are confronted with the fact that the agent's judgment that the box contained a gun proved to be erroneous. But we do not deem this to be the controlling question.... We must consider the case on the basis of what the officers saw and the reliable information they possessed.

*United States v. Wysocki*, 457 F.2d 1155, 1160 (5th Cir.), *cert. denied*, 409 U.S. 859, 93 S.Ct. 145, 34 L.Ed.2d 105 (1972).

The detective was legitimately in the security screening area. Objects within the view of an officer who has a right to be in a position to have that view are subject to seizure and may be introduced into evidence. *Harris v. United States*, 390 U.S. 234, 236, 88 S.Ct. 992, 993, 19 L.Ed.2d 1067 (1968). The "inadvertent discovery" requirement of *Coolidge v. New Hampshire*, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971), does not apply to seizure of contraband. *United States v. Delgado*, 615 F.2d 294, 296–97 (5th Cir. 1980).

AFFIRMED.