**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Oreste OLLET, Defendant–Appellant.**

**No. 87–5581
Non–Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

July 8, 1988.

Stephen J. Finta, Ft. Lauderdale, Fla., for defendant-appellant.

Leon B. Kellner, U.S. Atty., Jeffrey B. Crockett, Linda Collins Hertz, Harriett R. Galvin, Asst. U.S. Attys., Miami, Fla., for plaintiff-appellee.

Before HILL, HATCHETT and ANDERSON, Circuit Judges.

PER CURIAM:

Appellant, Oreste Ollet, was convicted in the United States District Court for the Southern District of Florida of conspiracy to distribute, and possession with intent to distribute, more than five kilograms of cocaine. He was sentenced to ten years imprisonment for each of the two counts, to run concurrently; in addition, on the possession count, he was sentenced to five years of supervised release following his incarceration and a $5,000 fine.

Appellant and co-defendant were arrested on March 5, 1987 at appellant's place of business, after a confidential informant gave Drug Enforcement Administration (DEA) officers a pre-arranged signal that he had seen cocaine in the appellant's building. As they were making the arrests, DEA agents discovered a bag sitting on a desk containing five kilograms of cocaine. Subsequent to making the arrests, appellant consented to a search of the premises; the DEA agents conducting this search discovered a pistol in appellant's desk, which was entered into evidence at trial.

Two days previously, the confidential informant had attempted to set up a cocaine transaction at the appellant's office between the appellant, his co-defendant, and an undercover DEA agent. The transaction had not been consummated, however, due to the appellant's and his co-defendant's being unable to deliver the cocaine at that time.

■ Appellant raises three claims. First, he argues that he was improperly prejudiced by the government's use of an "open ended indictment" which did not specify the date the conspiracy started. We do not find this argument persuasive. It is true that the original indictment stated that the conspiracy began on an unknown date and terminated on March 5, 1987. However, there was a superseding indictment, which stated that the conspiracy began on or about February 28, 1987. The superseding indictment was not vague as to the date of the conspiracy, so no constitutional defect is presented. *See United States v. Harrell,* 737 F.2d 971, 975 (11th Cir.1984), *cert. denied,* 469 U.S. 1164, 470 U.S. 1027, 105 S.Ct. 923, 105 S.Ct. 1392, 83 L.Ed.2d 935, 84 L.Ed.2d 781 (1985). Furthermore, the record shows that the superseding indictment was used by the trial court to instruct the jury, Trial Transcript at 144, and appellant did not raise any objection on this issue prior to trial. A defendant's failure to challenge the form of the indictment prior to trial waives that

objection. *United States v. Trujillo*, 714 F.2d 102, 105 n. 1 (11th Cir.1983).

■ Appellant next claims that the evidence was insufficient for conviction because the first conspiracy ended on March 3, 1987 due to unavailability of cocaine, and there was insufficient evidence to convict appellant for his activities after March 3. We do not accept this claim, either. In determining if the evidence is sufficient to support the conviction, this Court must view the evidence in the light most favorable to the government and accept reasonable inferences and credibility choices by the factfinder. *United States v. Sanchez*, 722 F.2d 1501, 1505 (11th Cir.), *cert. denied*, 467 U.S. 1208, 104 S.Ct. 2396, 81 L.Ed.2d 353 (1984). The evidence is sufficient to convict appellant of both conspiracy to distribute and possession of cocaine. The record shows that the government put forth evidence that appellant discussed all aspects of the cocaine transaction with the undercover agent and the confidential informant, that appellant met with these individuals for the purpose of distributing the cocaine, and that the cocaine was seized from appellant's premises. In addition, while appellant claims that the conspiracy ended on March 3, there was testimony that when the delivery was not completed in the allotted time on March 3, the parties to the attempted transaction left the meeting with the understanding that they would continue their association until delivery was made at a later date. Viewed in a light most favorable to the government, the conspiracy did not end on March 3 and there is sufficient evidence of appellant's guilt.

■ Finally, appellant argues that the district court erred in denying his motion to suppress the cocaine and the gun[1] found by DEA agents making the arrests, because the DEA agents lacked probable cause to arrest him and the search and seizure were therefore unconstitutional. We reject this claim as well. "Probable cause to arrest exists where the facts and circumstances within the officers' knowledge, of which they had reasonably trustworthy information, are sufficient to cause a person of reasonable caution to believe that an offense has been or is being committed." *United States v. Burgos*, 720 F.2d 1520, 1524 n. 4 (11th Cir.1983) (citing *Brinegar v. United States*, 338 U.S. 160, 175–76, 69 S.Ct. 1302, 1310–11, 93 L.Ed. 1879 (1949)). A warrantless seizure may be justified by exigent circumstances. *United States v. Burgos*, 720 F.2d at 1525–27. Exigent circumstances exist where there is a risk of removal or destruction of narcotics. *Id.* Seizure of contraband in plain view is also permitted without a warrant. *United States v. Ladson*, 774 F.2d 436, 439 (11th Cir.1985); *United States v. Gorman*, 637 F.2d 352, 354 (5th Cir.1981). Findings of the district court on a pretrial motion to suppress are binding on appeal unless clearly erroneous. *United States v. Newbern*, 731 F.2d 744, 747 (11th Cir.1984). The district court found that the DEA agents had probable cause to arrest the appellant and his co-defendant on May 5, that the bag containing the cocaine was open and in plain view within the arm's length reach of the co-defendant when he was arrested, and that exigent circumstances were present to justify the seizure of the cocaine. Transcript of Motion to Suppress at 134–36. While these findings are not undisputed, we find them to be amply supported by the record.[2]

1. The argument in the briefs focuses on the cocaine, with virtually no discussion of the admissibility of the gun; the admissibility of the cocaine was clearly the primary issue. As to the gun, we find no basis to dispute the district court's conclusion that appellant knowingly, intelligently, and voluntarily consented to the search that revealed the gun, *see* Transcript of Motion to Suppress at 137–38, and we therefore conclude that the district court's denial of the motion to suppress the gun was proper.

2. Appellant argues that the DEA agents were required to make a good-faith attempt to obtain a telephone warrant prior to making the arrest, so that their failure to do so requires the suppression of the cocaine and the gun under the rationale of *United States v. Alvarez*, 810 F.2d 879 (9th Cir.1987). However, we decline to adopt the rationale of *Alvarez* in this circuit. Furthermore, even if *Alvarez* were the law of this circuit, that case deals only with the "exigent circumstances" basis for warrantless searches. *Alvarez* is not concerned with the

Appellant's conviction and sentence by the district court are

AFFIRMED.

"plain view" or "consent" exceptions to the exclusionary rule.