**UNITED STATES of America**

v.

**Richard Francis DICKS.**

**Cr. No. 91–0564–02–OG.**

United States District Court, District of Columbia.

April 29, 1992.

Mary B. Murphy, Asst. U.S. Atty., Washington, D.C., for the U.S.

Charles Daum, Washington, D.C., for defendant.

### MEMORANDUM–ORDER

GASCH, Senior District Judge.

Before the Court is defendant's motion to suppress the physical evidence seized in the course of defendant's arrest on August 28, 1991. Upon consideration of defendant's motion, the opposition of the United States, testimony of Officer Ralph Nitz, the defendant and Carteo Bost at a hearing of this matter, and the entire record herein, and for reasons set forth below, the motion to suppress is denied.

### Factual Background

On August 28, 1991, Officer Ralph Nitz was seated in the right rear passenger seat of an unmarked vehicle parked next to an alley on the south side of the 1200 block of Euclid Street, N.W. Three other officers were also in the car. They were waiting for undercover officers in the area to make a purchase of narcotics. That neighborhood and area are well known to the police for narcotics trafficking. While waiting, the officers observed a Nissan 280 ZX, a Japanese sports car, come into the area and park. Defendant Richard Dicks and one Craig Sturdivant (now deceased) approached the car on foot. The driver of the car was one Leon Broadus, a.k.a. "Pip" (now deceased). The passenger of the car was one Kalin Spann, a fugitive co-defendant in this case. Spann and Broadus got out of the car and were seen speaking to Dicks and Sturdivant in front of the car. All of the men were seen standing in the street.

Officer Nitz saw Spann reach into his shirt pocket and hand a plastic bag to Sturdivant. After examining the bag, Sturdivant returned it to Spann who replaced it in his shirt pocket.

Officer Nitz then saw Spann reach into a pants pocket, remove "a light colored object" and pass it to Broadus. Broadus took the object in his left hand and was seen reaching across his body to show the object to defendant Dicks, who was standing to the right of Broadus. Dicks was seen leaning over in the direction of the object in Broadus's hand, and was observed making a reaching motion towards Broadus's hand. Broadus was then seen handing an object back to Spann, who placed the object back in the same pants pocket from which an object had originated.

After observing all the above, the four officers moved their vehicle out into the street and surprised these four men talking

in the street by the 280 ZX. Officer Nitz stopped the defendant and asked him where he lived. As the defendant turned rearward to point out his house, Officer Nitz observed the defendant attempt to pull an object out of his pants pocket. Officer Nitz observed the object to be clear plastic. Apparently, as the defendant realized that he was not going to be able to remove the object without Officer Nitz observing the action, the defendant quickly pushed his hand deep into his pocket.

Officer Nitz then searched the defendant and found a clear plastic bag containing a tannish-colored rock-like substance in the same pants pocket from which the defendant had attempted to remove an object earlier.

### Discussion

It is true that the defendant was subjected to a warrantless seizure, search and arrest on August 28, 1991. It is also true from the nature of the encounter that the defendant could not have felt free to disregard the police presence and have gone about his business. The physical evidence at issue, approximately 6.5 grams of a controlled substance known as "crack" cocaine, or cocaine base, was found on the defendant prior to his arrest. This was not a search incident to arrest.

■ The law is clear. Police officers do not need a warrant to detain, briefly question and pat down (frisk) an individual reasonably suspected of engaging in criminal activity. *Terry v. Ohio*, 392 U.S. 1, 22–24, 88 S.Ct. 1868, 1880–81, 20 L.Ed.2d 889 (1968). Police officers may perform these investigatory detentions on the basis of reasonable and articulable suspicion. *Id.* at 21–22, 88 S.Ct. at 1879–80. The standard is that the government must point to specific facts, together with rational inferences drawn from those facts that reasonably suggest that criminal activity has occurred or is imminent. *Id.*

■ The specific facts and rational inferences are also clear. Officer Nitz is an experienced police officer with seven years in drug enforcement and has participated in approximately three thousand arrests.

Having previously observed the defendant reach towards the object held in Broadus's hand which was seen to be "light colored," that Officer Nitz testified he thought was a plastic object and plastic is a known container for storing and distributing drugs, Officer Nitz had an articulable suspicion to stop Dicks.

■ Warrantless searches may be conducted with probable cause when there are exigent circumstances which justify such an intrusion. Exigent circumstances exist in a search for evidence when such evidence is in imminent danger of being hidden or destroyed. *Schmerber v. California*, 384 U.S. 757, 761–77, 86 S.Ct. 1826, 1830–39, 16 L.Ed.2d 908 (1966); *United States v. Ollet*, 848 F.2d 1193, 1195 (11th Cir.) (per curiam), *cert. denied*, 488 U.S. 996, 109 S.Ct. 566, 102 L.Ed.2d 591 (1988); *United States v. Socey*, 846 F.2d 1439, 1447–48 (D.C.Cir.), *cert. denied*, 488 U.S. 858, 109 S.Ct. 152, 102 L.Ed.2d 123 (1988).

■ Once Officer Nitz asked the defendant where he lived and observed the defendant's attempt to drop or secrete the clear plastic object in his pocket, the officer had probable cause to believe that a crime had been or was being committed. Because narcotics may be easily hidden, secreted, dropped, or otherwise destroyed, a warrantless search of the defendant's person was justified.

*United States v. White*, 655 F.2d 1302 (D.C.Cir.1981), is dispositive of whether the officers in this case had probable cause. In *White*, probable cause was found to exist where two experienced police officers observed the defendant exchange currency for a small object, place the object in his pocket and walk away. The "high-crime" character of an area or neighborhood was also found to be a relevant factor in determining whether there was probable cause to search or arrest. *Id.* at 1304. In this case, there were four experienced police officers who saw the transaction described in an area known for narcotics trafficking. In addition, there was the action of the defendant in attempting to secrete or drop the object that was in his pocket which

makes the search of that pocket reasonable and legal.

For all of the foregoing reasons, and crediting Officer Nitz's testimony at a hearing on this matter, it is by the Court this 29th day of April, 1992,

ORDERED that defendant's motion be, and hereby is, denied.