[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 12, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-14711
Non-Argument Calendar

_____

D. C. Docket No. 06-00689-CV-J-32-HTS

ORVEL LLOYD,

Plaintiff-Appellant,

versus

CLARENCE JAKE CARD,
JARRETT HODGES,
DALLAS PALACEK,
VINCE EDWARDS,
KEITH WHALEY, et al.,
all sued in their official and
individual capacities,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(May 12, 2008)**

Before MARCUS, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Orvel Lloyd, a state prisoner, appeals pro se the partial dismissal and partial summary judgment against Lloyd's complaint that his civil rights were violated in the events that led to his prosecution and conviction for possession of cocaine. See 42 U.S.C. § 1983. We affirm.

## I. BACKGROUND

After the arrest of Darryl Johnson for possession of crack cocaine, Nassau County Deputy Sheriff Brian Turner searched Johnson and discovered three counterfeit $5 bills in Johnson's pocket. Johnson and two cohorts, Phillip Craft, and Devin Popham, provided statements to local authorities and Secret Service Agent Jason Lynch that implicated Lloyd in a counterfeiting scheme. Johnson later consented to a search of his trailer, where authorities discovered computers, printers, a scanner, a commercial paper cutter, and bill templates.

Deputy Dallas Palecek obtained a search warrant for Lloyd's home and the surrounding property using information provided by Johnson. Deputies Palacek, Lucero, Ryan Van Tassell, Vince Edwards, and Keith Whaley discovered several weapons and a stolen all-terrain vehicle on Lloyd's property. During the search, the deputies observed a car that matched the description of Lloyd's vehicle slowly

approach Lloyd's driveway, then race away.

Secret Service agent Paul Elliott, who was investigating the counterfeiting scheme, instructed deputies Clarence Card, Van Tassell, Edwards, Whaley, Clifton McDonald, and David Griffith to pursue the vehicle. When Lloyd attempted to flee on foot, the deputies captured him. Deputies Whaley, Tommy Seagraves, and Jarrett Hodges seized crack cocaine and counterfeit bills, which were sitting in plain view inside Lloyd's vehicle. Lloyd was arrested and charged with grand theft, possession of a firearm by a convicted felon, possession with intent to distribute cocaine, possession of cocaine, and possession of instruments to forge counterfeit money. See Fla. Stat. §§ 790.23, 812.014(2)(c), 831.18, 831.28(2)(a), 893.13(1)(a)1., (6)(a).

Lloyd filed pre-trial motions in state court challenging the probable cause for the search warrant and his arrest, the validity of the search warrant, and the search of his property. The trial court denied the motions, and a Florida appellate court affirmed. Johnson then pleaded nolo contendere to possession of cocaine, and the state nol prossed the remaining charges. Lloyd later challenged his guilty plea in a state collateral proceeding. A Florida appellate court affirmed the denial of post-conviction relief.

Lloyd filed a complaint against the Sheriff, several deputies, state

3

prosecutors, federal agents, and Lloyd's former defense counsel. Lloyd alleged that deputies Card, Van Tassell, Palecek, Whaley, Edwards, Griffith, McDonald, Sheriff Ray Geiger, and prosecutor Granville Burgess used information provided by Johnson that they knew to be false to execute an affidavit, obtain a search warrant, search and seize evidence from Lloyd's home and vehicle, and incarcerate and prosecute Lloyd. Lloyd contended that Sheriff Geiger also failed to train and supervise his employees. Lloyd asserted that deputies Whaley, Seagraves, and Hodges planted evidence in his vehicle. Lloyd alleged that his former defense attorney, Ronald Davis II, conspired with state prosecutor Garden Darin to elicit Lloyd's guilty plea. Lloyd contended that deputies Seagraves and Hodges and prosecutor Burgess denied Lloyd's investigator, Calvin Mitchell, and attorney Davis access to Lloyd and to evidence. Lloyd also asserted that deputies Griffith, Turner, and Lucero failed to comply with the Florida knock and announce statute before they entered and searched Lloyd's home. See Fla. Stat. § 933.09.

Lloyd filed a motion for summary judgment and the defendants filed motions to dismiss and for summary judgment. The district court dismissed without prejudice deputies Turner and Lucero, prosecutor Darin, and Secret Service agents Elliott and Lynch because Lloyd failed to serve them with the complaint. The district court dismissed with prejudice the complaints against

4

attorney Davis, prosecutor Burgess, Sheriff Geiger, and Deputy Card. The district court granted summary judgment in favor of the defendants on the remaining claims based on federal law and declined to exercise supplemental jurisdiction over Lloyd's claim based on state law.

## II. STANDARD OF REVIEW

We review a dismissal for failure to state a claim and a summary judgment de novo. Hill v. White, 321 F.3d 1334, 1335 (11th Cir. 2003); Jones v. Cannon, 174 F.3d 1271, 1281 (11th Cir. 1999).

## III. DISCUSSION

Lloyd presents six challenges to the decision of the district court. All fail. We address each argument in turn.

*A. Lloyd Failed to Establish That Davis and Johnson Were State Actors.*

To prevail in a civil rights case, a plaintiff must establish that a person acting under color of state law deprived him of a right secured by the Constitution. 42 U.S.C. § 1983. A private person is considered a state actor if the state coerced or "significantly encouraged" the private person to act, the action was traditionally performed by a state official, or the state was a joint participant in the action. Rayburn ex rel. Rayburn v. Hogue, 241 F.3d 1341, 1347 (11th Cir. 2001). A private party may be considered a state actor if he conspired with state officials to

5

commit the alleged constitutional violation.  Dennis v. Sparks, 449 U.S. 24, 27–28,

101 S. Ct. 183, 186 (1980).  To establish a conspiracy, the plaintiff must present

"evidence of agreement between the defendants" to violate his rights.  Rowe v. Ft.

Lauderdale, 279 F.3d 1271, 1284 (11th Cir. 2002) (citing Bailey v. Bd. of County

Comm'rs of Alachua County, 956 F.2d 1112, 1122 (11th Cir. 1992)) .

The district court did not err by dismissing Lloyd's complaint against Davis,

his former defense counsel, and Johnson, the arrestee.  Lloyd's conclusory

allegations that Davis collaborated with the state to elicit Lloyd's plea of nolo

contendere failed to establish that Davis was a state actor.  See Harvey v. Harvey,

949 F.2d 1127, 1133 (11th Cir. 1992).  Lloyd also failed to establish that Johnson,

the arrestee, acted under color of law.  Lloyd never alleged any facts that would

support an inference that Johnson conspired with state actors when Johnson

provided a statement used to obtain a search warrant for Lloyd's home.

*B. Lloyd Was Not Denied His Constitutional Right to Access the Courts.*

The First Amendment grants prisoners a limited constitutional right of

access to the courts.  Bounds v. Smith, 430 U.S. 817, 821, 97 S. Ct. 1491, 1494

(1977).  A prisoner must show actual injury to establish a denial of that right.

Lewis v. Casey, 518 U.S. 343, 351, 116 S. Ct. 2174, 2180 (1996).  For that reason,

evidence of "minor and short-lived impediments to access" to evidence is

6

insufficient to support a claim of denial of access. Chandler v. Baird, 926 F.2d 1057, 1063 (11th Cir. 1991).

The district court correctly granted summary judgment in favor of deputies Seagraves and Hodges. Lloyd alleged that Seagraves and Hodges impeded Lloyd's investigator and attorney from accessing evidence and consulting with him, but Lloyd did not suffer any actual injury. The attorney complained to the state court about the limitations and both the attorney and the investigator completed their responsibilities. Although Lloyd remained in prison for two years pending the resolution of his criminal charges, he retained access to the courts and his detention was insufficient to satisfy the requirement of actual injury. See Wilson v. Blankenship, 163 F.3d 1284, 1290–91 (11th Cir. 1998).

*C. Lloyd's Complaints Against Card and Geiger Are Barred By Res Judicata.*

Res judicata bars serial lawsuits based on the same facts. Ragsdale v. Rubbermaid, Inc., 193 F.3d 1235, 1238 (11th Cir. 1999). A complaint is barred by earlier litigation when there is a final judgment on the merits, rendered by a court of competent jurisdiction, that involve the same parties or individuals in privity with them, and the same cause of action. Id. A cause of action is the same if it "'arises out of the same nucleus of operative fact, or is based upon the same factual predicate.'" Id. at 1239 (quoting Citibank, N.A. v. Data Lease Fin. Corp., 904 F.2d

7

1498, 1503 (11th Cir. 1990)). The legal theories presented in the previous litigation need not be the same for res judicata to apply. NAACP v. Hunt, 891 F.2d 1555, 1561 (11th Cir. 1990).

The district court correctly concluded that Lloyd's complaints against Deputy Card and Sheriff Geiger for false arrest and imprisonment, fabrication of evidence, and failure to supervise were precluded under res judicata. Lloyd filed a previous complaint against Card and Geiger that challenged his arrest and incarceration, and the district court granted summary judgment in favor of Card and Geiger. Although an appeal from that judgment is pending in this Court, "'[t]he established rule in the federal courts is that a final judgment retains all of its res judicata consequences pending decision of the appeal.'" Jaffree v. Wallace, 837 F.2d 1461, 1466 (11th Cir. 1988) (quoting 18 Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, Federal Practice and Procedure § 4433 (2d ed. 1981 & Supp. 1987)).

*D. Collateral Estoppel Bars Lloyd's Complaints About the Search Warrant and the Alleged Planting of Cocaine.*

We review the preclusive effect of a state court judgment based on the rules of collateral estoppel applied by the state. Brown v. City of Hialeah, 30 F.3d 1433, 1437 (11th Cir. 1994) (citing U.S. Const. Art. IV, § 1). In Florida, "collateral estoppel applies if (1) an identical issue, (2) has been fully litigated, (3) by the

8

same parties or their privies, and (4) a final decision has been rendered by a court of competent jurisdiction." Quinn v. Monroe County, 330 F.3d 1320, 1329 (11th Cir. 2003). Although collateral estoppel is not applied in Florida if it would result in manifest injustice, no injustice results if the party that is estopped already "had a fair opportunity to contest the factual issues in the earlier . . . action." Bailey v. Bd. of County Comm'rs, 659 So. 2d 295, 307 (Fla. Dist. Ct. App. 1994).

The district court correctly concluded that Lloyd was estopped from litigating his complaints about the search warrant and the alleged planting of cocaine. Lloyd litigated the validity of the affidavit and search warrant and execution of the warrant in pre-trial motions and is estopped from bringing a civil complaint on these same grounds against deputies Palecek, Whaley, Van Tassel, and Edwards. See Brown, 30 F.3d at 1437 ("defensive collateral estoppel in the criminal-to-civil context" prevents a plaintiff in Florida from "relitigating the same issue that was litigated in prior criminal proceedings"). Lloyd is also estopped from alleging that deputies Whaley, Seagraves, and Hodges planted cocaine in his vehicle because Lloyd pleaded no contest to possession of cocaine. See Starr Tyme, Inc. v. Cohen, 659 So. 2d 1064, 1068 (Fla. 1995) ("[A] defendant who is adjudicated guilty pursuant to a plea of nolo contendere is collaterally estopped from seeking affirmative relief . . . based on the same conduct that gave rise to the

9

prior prosecution."). The record does not support an argument for manifest injustice because Lloyd had a fair opportunity to contest all factual issues in his state proceedings.

*E. No Genuine Issue Exists Regarding Lloyd's Complaints About Planting Counterfeit Money and His Arrest.*

Lloyd challenges the summary judgment in favor of the deputies on two grounds. First, Lloyd argues that a genuine issue of material fact exists about whether Whaley, Seagraves, and Hodges planted counterfeit money in his vehicle. Second, Lloyd contends that Edwards, Whaley, Van Tassell, McDonald, and Griffith lacked reasonable suspicion to stop his vehicle and probable cause to arrest him. We reject both arguments.

Lloyd failed to identify evidence that would create a material factual dispute about the deputies' conduct. Lloyd's conclusory statements that the deputies planted the money and fabricated evidence against him were inadmissible because they were not based on personal knowledge. See Marshall v. City of Cape Coral, Fla., 797 F.2d 1555, 1559 (11th Cir. 1986) ("inferences based upon speculation are not reasonable"). Lloyd's speculation also contradicts his earlier written statement to the police that passengers placed the counterfeit money in his vehicle.

Lloyd also failed to establish that the traffic stop and arrest were invalid and that the deputies falsely arrested him. Johnson implicated Lloyd in a counterfeiting

10

operation and, as the deputies executed the search warrant on Lloyd's house, they observed a vehicle that matched the description of Lloyd's car approach the house and race away. These cumulative facts created an "objectively reasonable suspicion" that Lloyd was engaged in criminal conduct and provided the basis to conduct an investigatory stop. See United States v. Acosta, 363 F.3d 1141, 1145 (11th Cir. 2004). When the deputies approached the vehicle, they observed cocaine and counterfeit money in plain view, which provided probable cause to arrest Lloyd. See United States v. Ollet, 848 F.2d 1193, 1195 (11th Cir. 1988). Because the record establishes that the deputies were entitled to judgment as a matter of law, we affirm the summary judgment in their favor.

*F. Burgess Is Absolutely Immune From Lloyd's Complaint.*

"[P]rosecutors enjoy absolute immunity for the initiation and pursuit of criminal prosecution" including "'acts undertaken in preparing for the initiation of judicial proceedings.'" Jones,174 F.3d at 1281 (ellipses in original) (quoting Buckley v. Fitzsimmons, 509 U.S. 259, 273, 113 S. Ct. 2606, 2615 (1993)). Immunity extends to the "appearance in court in support of an application for a search warrant and the presentation of evidence at that hearing." Burns v. Reed, 500 U.S. 478, 492, 111 S. Ct. 1934, 1942 (1991). A prosecutor is also absolutely immune from suit for proffering fabricated evidence during a criminal prosecution.

11

Rowe, 279 F.3d at 1280–81.

The district court correctly dismissed Lloyd's claims against Burgess based on absolute immunity. Lloyd alleged that Burgess assisted Palecek to prepare a false affidavit to obtain the search warrant for Lloyd's home, advised deputies to deny Lloyd's investigator access to evidence, and prosecuted Lloyd using fabricated evidence. Burgess acted within the scope of his duties as prosecutor when all of these alleged acts occurred and is immune from damages for those acts. We affirm the dismissal of Lloyd's complaint against Burgess.

The partial dismissal of and partial summary judgment against Lloyd's complaint are **AFFIRMED.**